UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273CR-HUCK

UNITED STATES OF AMERICA,

vs.

FREDERICK MASSARO,
    Defendant.
_____/



### DEFENDANT MASSARO'S MOTION FOR CONTINUANCE OF STATUS CONFERENCE AND TRIAL DATE AND TO EXTEND TIME TO FILE PRETRIAL MOTIONS, UNOPPOSED BY THE GOVERNMENT

COMES NOW the Defendant, Frederick Massaro, by the undersigned counsel and makes the above Motion to, in essence, extend and continue all pretrial Motion times and to continue this matter and states:

1. The undersigned has received an Order from the Court, the Honorable Paul Huck, on 18 October 2000, which provides that trial is set for 11 December 2000, with a Status Conference on Wednesday, 29 November 2000. The undersigned has read the same and is immediately filing the instant motion.

2. The present case, as to the instant Defendant sounds in organized crime, racketeering that involves various substantive crimes, but of particular import herein a Murder that the Defendant purportedly ordered or committed.

3. The Government has announced it is at least preparing the paperwork to seek the death penalty as to Mr. Massaro.

4. The undersigned is attempting to get prepared offensively and defensively in that aspect already, particularly to try to persuade the Attorney General against the death penalty.



5. The Government has listed that there are some 13 CD Roms of intercepted conversations with some 1000 conversations. Since it is alleged in all of these matters that cryptic conversations are code for evil doings all or most of these have to be reviewed and analyzed by counsel as well as the pretrial detained Defendant to prepare.

6. The initial phase of discovery vis a vis the wiretaps will take several weeks to meaningfully review to determine what, if any, motions need be filed particularly as to the applications and affidavits for the wiretap warrants.

7. Autopsy reports, analyses by medical personnel and related "death" matters have not yet been made available so that additional time will be necessary to review these matters with medical experts.

8. For some reason, the State of Florida case involving the prosecution of the murder alleged herein, as to the asserted perpetration by Co-Defendant Hernandez [Massaro is not charged in State Court], has no useful information in the Court files. Transcribed depositions are not in the file, no other discovery is in the file, and as of this date Mr. Hernandez' lawyer in the state murder case has advised he cannot provide the undersigned copies of discovery, so the undersigned will have to undertake a public records request.

9. The undersigned has handled a fair number of homicides, which are with rare exception handled at the state court level. Even with the extensive discovery provided under the Florida Rules of Criminal Procedure, which includes discovery depositions these matters seem to take an extended time to prepare, particularly when the ultimate penalty is a district possibility.

10. The undersigned has received a response to discovery and numerous documents from Mr. Sloman and has discussed other evidence with him. The undersigned has had long term dealings with Mr. Sloman and Mr. LaVecchio, and anticipates no problems with any further

discovery or requests, nor does he anticipate that any discovery matters will be brought before the Court other than to "preserve the record" on certain issues of substance.

11.     Considering the numerous intercepted conversations, extensive State of Florida homicide discovery, and related matters as noticed in the wiretap applications the undersigned would seek an additional ninety days at this juncture to present Motions, and ask that trial be set in the fall of 2000.

12.     The undersigned would respectfully request a continuance of the present Status Conference date of 29 November 2000 until the first week of December. The undersigned has had two deaths of close family members in recent months and had hoped to be away the week after Thanksgiving to "get some time" and then delve fully in this matter, and the undersigned wanted to leave the Country on 27 November 2000.

13.     If not, the undersigned would request that the Court allow other designated counsel to stand in for him at status. Such substitute counsel would be fully briefed on the status of the case, and would anticipate that Stephen Bronis of Zuckerman Spaeder et al will stand in.

14.     Mr. Sloman has no objection to the undersigned's request for continuance, nor for an extension of time to file motions until after review of all the discovery.

15.     The undersigned has spoken with the prosecutor Mr. Jeffrey Sloman regarding his thoughts on the matter and he concurs trial should be extended to allow preparation to much later in the year 2001.

## SPEEDY TRIAL EFFECT

The Defendant, through counsel, acknowledges this Motion affects speedy trial, tolls all matters if granted, and fully accepts that, particularly due to the nature of the case.

WHEREFORE the Defendant requests this Motion be granted.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the following parties listed below, this ___ day of October, 2000.

HADDAD & HESTER, P.A.
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394
[954] 467-6767

By: _____
FRED HADDAD
Florida Bar No. 180891

## CERTIFICATE OF SERVICE

Jeffrey H. Sloman, Esq.
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394

Richard Houlihan, Esq.
300 Aragon Avenue, Suite 310
Coral Gables, Florida 33134

Samuel Deluca, Esq.
3451 John F. Kennedy Blvd.
Jersey City, New Jersey 07307

Jeffrey Weinkle, Esq.
1035 N.W. 11th Avenue
Miamk, Florida 33136

Donald Spadero, Esq.
1000 S. Federal Highway, Suite 103
Fort Lauderdale, Florida 33316

Michael Smith, Esq.
633 S.E. 3rd Street, Suite 4F
Fort Lauderdale, Florida 33301

Alejandro Taquechel, Esq.
3750 W. 16th Avenue, Suite 238
Hialeah, Florida 33012

Thomas Almon, Esq.
321 N.E. 26th Street
Miami, Florida 33137

Manuel Gonzalez, Esq.
782 N.W. Le Jeune Road, Suite 440
Miami, Florida 33126