UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273CR-HUCK

UNITED STATES OF AMERICA,

vs.

FREDERICK MASSARO,
    Defendant.
_____/



## MOTION TO DISMISS INDICTMENT, RICO CONSPIRACY

Now into court comes the defendant, Gerald Chilli, by undersigned counsel, and make this Motion to Dismiss the Indictment returned by the grand jury upon the racketeering conspiracy alleged in Count 1, and the defendant would show as follows:

1. That at the time of arraignment the defendant was granted time to file pre trial motions; this time has been, by agreement, extended to include the date of this filing.

2. That the defendant and others are charged in the Indictment with racketeering [conspiracy due to various "acts" set forth in the Indictment].

3. That Count 1 of the Indictment states, succinctly, that Massaro, Trentacosta, Ruggerio and others, did in essence conspire to violate Title 18 U.S.C., 1962(c), that is to knowingly and wilfully conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

4. That the essential elements of the RICO statute are association with any enterprise and to conduct or participate directly or indirectly, in such enterprise through a pattern of racketeering activity or the collection of an unlawful debt [18 U.S.C. 1962(5)]. The enterprise is distant from the individuals, must be an entity, whether legal or not, and as such must be specifically alleged, not just in general allegations of "La Cosa Nostra" and of various persons together. Indeed,



the state RICO that preceded this case was nolle prosequied due to, inter alia, the fact that the "discovery" proved the facts could not support a RICO charge.

5. That 18 U.S.C. § 1961(4) defines enterprise as: "any individual, partnership, corporation, association, or other legal entity, or any union or group of individuals associated in fact although not a legal entity.

6. That "pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter, and the last of which occurred within ten years [excluding any period of imprisonment] after the commission of a prior act of racketeering activity.

7. That the essential elements of the crime charged with the essential facts under federal law, must be set forth in the face of the indictment, and the indictment cannot be vague imprecise or indefinite in its terms [see: Rule 7(c)(1)].

8. That the Indictment fails to define the purported enterprise with which the defendant was allegedly associated.

9. That the failure to apprise the defendant of the enterprise with which he participated, or the nature of the entity, denies the defendant basic due process of law, is contrary to the rules of criminal procedure and the case law thereunder, as well as the statutory construction of the "RICO" statute.

10. That the Indictment as drawn as to Count 1 is so vague and indefinite as to not allow the defendant to plead autrefois acquit or autrefois convict post-trial of the matter.

11. That since the continuous enterprise is indeed the essential element of any RICO the enterprise and composition thereof must be set forth with specificity.

12. That by the Indictment as drawn, the defendant is not fully on notice as to that against which he must defend, particularly as to enterprise, pattern, and the "requirements" of RICO, and the failure to, inter alia, define or name the enterprise deprives the defendants of their due process guarantees, and renders the Indictment subject to dismissal.

13. That the defendant would also assert that the "RICO" law is unconstitutional by its overbreadth and vagueness, and ought be so declared.

WHEREFORE the defendant moves that the Indictment be dismissed.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the following parties listed below, this 31 day of January, 2001.

HADDAD & HESTER, P.A.
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394
[954] 467-6761

By: _____
FRED HADDAD
Florida Bar No. 180891

## CERTIFICATE OF SERVICE

Jeffrey H. Sloman, Esq.
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394

Larry LaVecchio, Esq.
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394

Richard Houlihan, Esq.
300 Aragon Avenue, Suite 310
Coral Gables, Florida 33134

Samuel Deluca, Esq.
3451 John F. Kennedy Blvd.
Jersey City, New Jersey 07307

Jeffrey Weinkle, Esq.
1035 N.W. 11th Avenue
Miami, Florida 33136

Donald Spadero, Esq.
1000 S. Federal Highway, Suite 103
Fort Lauderdale, Florida 33316

Michael Smith, Esq.
633 S.E. 3rd Street, Suite 4F
Fort Lauderdale, Florida 33301

Alejandro Taquechel, Esq.
3750 W. 16th Avenue, Suite 238
Hialeah, Florida 33012

Thomas Almon, Esq.
321 N.E. 26th Street
Miami, Florida 33137

Manuel Gonzalez, Esq.
782 N.W. Le Jeune Road, Suite 440
Miami, Florida 33126

In the heretofore leading case on "RICO", [but see H.J. Inc. v. Northwestern Bell Telephone, Co., _ U.S. _, 109 S.Ct. 2893 (1989) treated below], the United States Supreme Court in United States v. Turkette, 452 U.S. 576, 101 S.Ct. 2524 at 2529 (1981): stated: "[T]he existence of an enterprise at all times remains a separate element which must be proven by the government", of course the burden being beyond a reasonable doubt [compare: In Re Winship, 397 U.S. 358, 90 S.Ct. 1068 (1970) Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450 (1979)].

Borrowing from the definitions provided by the Supreme Court in Turkette, supra, the Eleventh Circuit, in United States v. Cagninia, 697 F.2d 915 (1983) quoted as follows:

> "That a wholly criminal enterprise comes within the ambit of the statute does not mean that a "pattern of racketeering activity" is an "enterprise." In order to secure a conviction under RICO, the Government must prove both the existence of an "enterprise" and the connected "pattern of racketeering activity." The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct. The pattern of racketeering activity is, on the other hand, a series of criminal acts as defined by the Statute [citation omitted]. The former is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit. The latter is proved by evidence of the requisite number of acts of racketeering committed by the participants in the enterprise. While the proof used to establish these separate elements may in particular cases coalesce, proof of one does not necessarily establish the other.

The court then noted its "Elliott" interpretation of enterprise to include an "informal criminal network engaged in criminal activity" United States v. Elliott, 571 F.2d 880 (5th Cir.1983).

Too, the government, it is submitted, need allege and prove a nexus between acts of racketeering and the enterprise, or more particularly a relationship between the predicate offenses and the affairs of the enterprise, alleged in the charging document that is the link between the enterprise which makes possible the racketeering activity. [See United States v. Carter, 614 F.2d

2

1514 (11th Cir. 1984), quoting to <u>United States v. Welch</u>, 656 F.2d 1039 (5th Cir. 1981)]. Indeed, <u>Carter</u> provided an illustration of this which as authored by the court states:

> The link between the enterprise and the racketeering activity present in <u>Welch</u> is precisely what was shown by the government's evidence in this case: the enterprise, the dairy farm, made possible or facilitated the racketeering activities through use of the dairy farm land as an airstrip and a stash house for the drugs, the use of the dairy farm employees in the drug smuggling, and the use of the dairy farm office for the drug smuggling and protection activities. Therefore, we hold that, although clearly sufficient to support the required nexus between the enterprise and the racketeering activity, proof of an effect upon the common, everyday affairs of the enterprise is not the minimum required to establish a relation between the enterprise and the racketeering activity, and that proof that he facilities and services of the enterprise were regularly and repeatedly utilized to make possible the racketeering activity also established the conduct of the affairs of the enterprise "through" a pattern of racketeering activity.

Thus the government must establish the existence of the alleged enterprise, and the quantum of proof necessary was well set out by the court in <u>United States v. Neopolitan</u>, 791 F.2d 489 (7th Cir. 1986), wherein that court stated:

> While it is clear from the Supreme Court's decision in <u>Turkette</u> 452 U.S. at 587, 101 S.Ct at 2530, and <u>Russello v. United States</u>, 464 U.S. 16, 104 S.Ct. 296-301, 78 L.Ed.2d 17 (1983), that the term "enterprise" encompasses legitimate entities and defacto illegal enterprises, it is <u>important to emphasize that the term enterprise is not synonymous with the term conspiracy</u>. See <u>United States v. Manzella</u>, 782 F.2d 533, 538 (5th Cir. 1986). Clearly, when the government alleges that the enterprise is not a legitimate business the issue does arise. However, when the prosecution is based on an illegitimate association in fact the proof must establish, and the jury should be instructed to find, that the enterprise does exist and that the enterprise, while it can have the same personal composition as the conspiracy, is a distinct entity. While the hallmark of conspiracy is agreement, the central element of an enterprise is structure. An enterprise must be more than a group of people who get together to commit a "pattern of racketeering activity."

3

> We hold that Congress intended the phrase "a group of individuals associated in fact although not a legal entity", as used in its definition of the term "enterprise" in Section 1961(4), to encompass only an association having ascertainable structure which exist for the purpose of maintaining operations directed toward an economic goal that has an existence that can be defined a part from the commission of the predicate acts constituting the "pattern of racketeering activity. United States v. Anderson, 626 F.2d 1358, 1372 (8th Cir. 1980), cert. denied, 450 U.S. 912, 101 S.Ct. 1351, 67 L.Ed.2d 336 (1981). See also Turkette, 452 U.S. at 583, 101 S.Ct. at 2528; United States v. Bascaro, 742 F.2d 1335, 1362 (11th Cir. 1984); United States v. Phillips, 664 F.2d 971, 1011 (5th Cir. 1981); Instituto Nacional de Comercializacion Agricola v. Continental Illinois National Bank, 576 F.Supp. 991, 999 (N.D.Ill. 1983). Cf. United States v. Weinstein, 762 F.2d 1522, 1537 (11th Cir. 1985).

See also United States v. Zielie, 734 F.2d 1447 (11th Cir. 1984).

There can be no doubt that just because a number of persons associate and commit a number of crimes that could be defined as a pattern of racketeering activity this does not create an enterprise for the purpose of RICO, see i.e., Bledsoe, supra; Turkette, supra; see also; Phillips, supra, "RICO does not criminalize engaging in a pattern of racketeering standing alone." [Emphasis supplied]. Thus, there must be a shared or common purpose and it must be a continuing unit or as Turkette stated, an ongoing organization formal or informal and evidence that the various associated function as a continuing unit." Id 101 S.Ct. at 2528 (emphasis added). See also, Sedima, SPRI v. IMREX Co., _U.S._ 105 S.Ct. 3275 at 5285, N.14, wherein the Supreme Court noted that "It is [the] factor of continuity plus relationship which combine to produce a pattern." Further there must be an ascertainable structure "distinct from that inherent in the conduct of a pattern of racketeering activity." See also United States v. Anderson, 626 F.2d 1358 (8th Cir. 1980). Such structure might be demonstrated by proof that the group has an organizational pattern or system of authority beyond what is necessary to perpetrate the predicate crimes. Examples are a Mafia family, or the business of planning and distribution of proceeds of a prostitution ring, or indeed the Outlaw motorcycle

4

gang. Bledsoe, supra; see eg. United States v. McLaurin, 557 F.2d 1064 (1978); United States v. Watchmaker, 761 F.2d 1459 (11th Cir. 1985).

In the case at bar, the Indictment fails to do more than merely assert that an enterprise exists. While the general allegations of the Indictment assert "La Cosa Nostra", and the Gambino family", this does not suffice to satisfy the enterprise pattern requirements.

The plain language of the cases, the statute and simple statutory analysis therefore lead inexorably to the conclusion that for the above grounds the Motion must be granted.

The defendant has also asserted that the "RICO" statute ought be declared unconstitutional for inter alia, vagueness, but, of course recognizes the 11th Circuit has upheld the RICO statute and the Court is bound thereby; yet the vitality of "RICO" is often questioned and preservation of the defendant's rights is necessary.

The defendant would submit that, were this Court able, the issue ought now be revisited, due to the fact that, inter alia, since the term "pattern of racketeering activity" is incapable of coherent definition, the statute should be declared void, as well as for what was alleged hereinabove.

In H.J. Inc. v. Northwestern Bell Telephone, Co., __U.S.__, 109 S.Ct. 2893 (1989), the court rejected the Eighth Circuit's "pattern of racketeering" test, which required a RICO plaintiff in that case to allege that the defendant engaged in multiple criminal schemes. Rather than employ a "multiple schemes" approach, the court instead held that "pattern of racketeering activity" is a flexible concept that requires a showing of both "continuity plus relationship." 109 S.Ct. at 2900.

Justice Scalia, joined by Chief Justice Rehnquist, Justice O'Connor and Justice Kennedy, concurred in the Northwestern Bell result, but voiced grave concerns about the Constitutional viability of the RICO statute:

5

> Elevating to the level of statutory text a phrase taken from the legislative history, the court counsels the lower courts: "continuity plus relationship..." This seems to me about as helpful to the conduct of their affairs as "life is a fountain." 109 S.Ct. at 2907.

Thereafter, Justice Scalia's opinion demonstrates numerous questions and problems raised by the court's attempt to define "pattern of racketeering activity", concluding:

> Today's opinion has added nothing to improve our prior guidance, which has created a kaleidoscope of circuit positions, except to clarify that RICO may in addition be violated when there is a "threat of continuity." It seems to me this increases rather than removes the vagueness. There is no reason to believe that the courts of appeals will be any more unified in the future, than they have in the past, regarding the content of this law.
>
> That situation is bad enough with respect to any statute, but it is intolerable with respect to RICO. For it is not only true ... that our interpretation of RICO has "quite simply revolutionize[d] private litigation" and "validate[d] the federalization of broad areas of state common law frauds," ... so that clarity and predictability in RICO civil actions are particularly important; but it is also true that RICO, <u>since it has criminal application as well, must, even in its civil applications, possess the degree of certainty required for criminal laws, FCC v. American Broadcasting Company</u>, 347 U.S. 284, 296, 734 S.Ct. 593, 600-601, 98 L.Ed. 699 (1954). No <u>constitutional challenge to this law has been raised in the present case, and so that issue is not before us. That the highest court in the land has been unable to derive from the statute anything more than today's meager guidance bodes ill for the day when that challenge is presented.</u> 109 S.Ct. at 2908-09 [emphasis supplied].

Justice Scalia's concurring opinion is nothing less than an open invitation to consider the constitutionality of the RICO statute. Hence, although the district court has previously rejected vagueness challenges to the RICO statute, Justice Scalia's concurrence, as well as the complete inability of the circuit courts or district courts to agree on what a "pattern of racketeering activity" is, requires that this issue be revisited.

6

A statute "which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." Conolly v. Construction Co., 269 U.S. 385, (1926). As the court stated in Grayned v. City of Rockford, 408 U.S. 104 (1972):

> Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, law must provide explicit standards for those w h o apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis with the attendant dangers of arbitrary and discriminatory application. 408 U.S. at 108-09.

If ever there was a term that was "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application", that term is "pattern of racketeering activity." As Justice Scalia's concurrence notes, the pre-Northwestern Bell efforts to define this term "produced the widest and most persistent circuit split on an issue of federal law in recent memory ..." 109 S.Ct. at 2906-07. Justice Brennan's *Northwestern Bell* majority opinion will not lead to any future uniformity on this issue. As Justice Scalia noted, "the court's instructions [will not be] much more helpful than telling them to look for a `pattern' -- which is what the statute already says", 109 S.Ct. at 2907.

To argue that the statute is void for vagueness, then, one need only read the Indictment again.

Northwestern Bell tells us that the acts of a defendant must be "related", as that term is defined by the statute. What does this mean? Reference to the federal statute, as Justice Scalia noted, "utterly uninformative..."

> It hardly closes in on the target to know that "relatedness" refers to acts that are related by "purposes, results, participants, victims, ... methods of commission, or [just in case that is not vague enough] otherwise. Is the fact that the victims of both predicate acts were women enough? Or that both acts had the purpose of enriching the

7

>     defendant? Or that the different co-participants of the defendant in
>     both acts were his co-employees? I doubt that the lower courts will
>     find the court's instructions much more helpful than telling them to
>     look for a "pattern" -- which is what the statute already says. 109
>     S.Ct. at 2907.

Here, of course, we have the same problem. Plainly, the crimes charge are different and unrelated. In the case, goals are different as well as unrelated.

Turning to the issue of "continuity", matters become even worse. According to the Northwestern Bell majority:

> "Continuity is both a closed-and open-ended concept, referring either
> to a closed period of repeated conduct, or to past conduct that by it
> nature projects into the future with a threat of repetition..... It is, in
> either case, centrally a temporal concept..... A party or the state,
> obviously alleging a RICO violation may demonstrate continuity over
> a closed period by proving a series of related predicate extending
> over a substantial period of time. Predicate acts extending over a few
> weeks or months and threatening no future criminal conduct do not
> satisfy this requirement. Congress was concerned in RICO with
> long-term criminal conduct. Often a RICO action will be brought
> before continuity can be established in this way. In such cases,
> liability depends on whether the _threat_ of continuity is demonstrated."
> 109 S.Ct. at 2902 [emphasis in original].

In other words, if a defendant commits only a few acts over a relatively short period of tie, he has not committed a pattern of racketeering activity unless those acts carry with them a "threat of continuity." As Justice Scalia noted, this "threat of continuity" concept only adds to the confusion created by the RICO statute. 109 S.Ct. at 2908. Under what circumstances do a defendant's acts carry with them a threat of continuity? One can only guess at the answer. Again, the vagueness of the statute is apparent.

The fundamental problem with the RICO statute is that there is no way in which a person can know whether his acts are simple crimes or a RICO violation. Indeed, the same acts will form a "pattern" in some cases, while in other cases they will fall outside of RICO's purview. Consider,

8

for example, United States v. Indelicato, supra. In Indelicato, the court held that three virtually simultaneous murders constituted a pattern of racketeering activity because they were committed in connection with the conduct of an organized crime enterprises's affairs, and therefore carried with them a "threat of continuity." As the court stated:

> In some cases both the relatedness and the continuity necessary to show a RICO pattern may be proven through the nature of the RICO enterprise... Where the enterprise is an entity whose business is racketeering activity, an act performed in furtherance of that business automatically carries with it the threat of continued racketeering activity.... 865 F.2d at 1383-84.

In other words, because Indelicato was associated with the "Mafia", his acts necessarily carried with them a threat of continuity. On the other hand, if Indelicato had no such association, but, instead, had murdered three of his business partners so that he and two others could gain control of a bakery, this apparently would not amount to a pattern of racketeering activity. This dichotomy of course raises a fundamental problem for the individual. How is he to know whether his associations with others is sufficient to make his criminal acts carry with them a "threat of continuity?" There is, quite plainly, no answer to this question.

Something is fundamentally wrong when the consequences of a person's actions are dependent upon such vague determinations as whether the nature of his associations with others create a threat that his actions will continue. The present case highlights those problems. This being so, the Court should hold that the RICO statute is unconstitutionally void for vagueness, and dismiss the Indictment.

9

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the following parties listed below, this 31 day of January, 2001.

                                HADDAD & HESTER, P.A.
                                One Financial Plaza, Suite 2612
                                Fort Lauderdale, Florida 33394
                                [954] 467-6767

                                By: _____
                                FRED HADDAD
                                Florida Bar No. 180891

## CERTIFICATE OF SERVICE

Jeffrey H. Sloman, Esq.
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394

Larry LaVecchio, Esq.
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394

Richard Houlihan, Esq.
300 Aragon Avenue, Suite 310
Coral Gables, Florida 33134

Samuel Deluca, Esq.
3451 John F. Kennedy Blvd.
Jersey City, New Jersey 07307

Jeffrey Weinkle, Esq.
1035 N.W. 11th Avenue
Miami, Florida 33136

Donald Spadero, Esq.
1000 S. Federal Highway, Suite 103
Fort Lauderdale, Florida 33316

Michael Smith, Esq.
633 S.E. 3rd Street, Suite 4F
Fort Lauderdale, Florida 33301

Alejandro Taquechel, Esq.
3750 W. 16th Avenue, Suite 238
Hialeah, Florida 33012

Thomas Almon, Esq.
321 N.E. 26th Street
Miami, Florida 33137

Manuel Gonzalez, Esq.
782 N.W. Le Jeune Road, Suite 440
Miami, Florida 33126

11