UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273CR-HUCK

UNITED STATES OF AMERICA,

vs.

FREDERICK MASSARO,
Defendant.
_____/



## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The defendant has filed his Motion to Dismiss Count 1 of the Indictment, said count sounding in "RICO" conspiracy.

Federal Rules of Criminal Procedure, which, in part adopted years of decisional evolution of due process guarantees, requires that an indictment meet certain essential requirements.

Among the criteria that historically and presently had to be considered in judging the sufficiency of an Indictment, including the above requirements is whether the accused is protected from second jeopardy, that is that he can plead former jeopardy as to the prior Indictment. In essence, therefore, the essential elements of the offense must be set forth with particularity to apprise the defendants of the charges. United States v. Soldano 626 F. Supp. 384, (S.D. Fla. 1986).

18 U.S.C. § 1962(b) states:

"It is unlawful for any person employed, or associated with, any <u>enterprise</u> engaged in, or the activities of which affect interstate or foreign commerce, to conduct or participate, directly or indirectly, <u>in the conduct of such enterprise's affairs</u> through a pattern of racketeering activity or the collection of an unlawful debt."

An "enterprise" for purposes of RICO means any individual, partnership, corporation, association and so forth as set forth in paragraph 6 of the Motion to Dismiss of even date herewith.

In the heretofore leading case on "RICO", [but see H.J. Inc. v. Northwestern Bell Telephone, Co., _ U.S. _, 109 S.Ct. 2893 (1989) treated below], the United States Supreme Court in United States v. Turkette, 452 U.S. 576, 101 S.Ct. 2524 at 2529 (1981): stated: "[T]he existence of an enterprise at all times remains a separate element which must be proven by the government", of course the burden being beyond a reasonable doubt [compare: In Re Winship, 397 U.S. 358, 90 S.Ct. 1068 (1970) Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450 (1979)].

Borrowing from the definitions provided by the Supreme Court in Turkette, supra, the Eleventh Circuit, in United States v. Cagninia, 697 F.2d 915 (1983) quoted as follows:

> "That a wholly criminal enterprise comes within the ambit of the statute does not mean that a "pattern of racketeering activity" is an "enterprise." In order to secure a conviction under RICO, the Government must prove both the existence of an "enterprise" and the connected "pattern of racketeering activity." The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct. The pattern of racketeering activity is, on the other hand, a series of criminal acts as defined by the Statute [citation omitted]. The former is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit. The latter is proved by evidence of the requisite number of acts of racketeering committed by the participants in the enterprise. While the proof used to establish these separate elements may in particular cases coalesce, proof of one does not necessarily establish the other.

The court then noted its "Elliott" interpretation of enterprise to include an "informal criminal network engaged in criminal activity" United States v. Elliott, 571 F.2d 880 (5th Cir.1983).

Too, the government, it is submitted, need allege and prove a nexus between acts of racketeering and the enterprise, or more particularly a relationship between the predicate offenses and the affairs of the enterprise, alleged in the charging document that is the link between the enterprise which makes possible the racketeering activity. [See United States v. Carter, 614 F.2d

2