UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273CR-HUCK

UNITED STATES OF AMERICA,

vs.

FREDERICK MASSARO,
Defendant.
_____/



### INITIAL MOTION TO DISMISS MURDER RELATED COUNTS

COMES NOW the Defendant aforesaid by the undersigned counsel and makes Motion to Dismiss the substantive Murder related Counts [Counts 17, 18, 19, 20] and would state as follows:

1. These Counts purport to sound in Murder, Murder Conspiracy, and related matters attendant to Murder.

2. Said Counts are dependant as drafted on the "Enterprise" alleged in the RICO that is the supposed South Florida branch of the Gambino family to involve the jurisdiction of this Court.

3. The Defendant has moved to dismiss the RICO Counts and would adopt those Motions herein, including the Memoranda as if set forth in haec verba.

4. The statute allegedly violated, 18 U.S.C. §1959(a)(5) recognizes that there be a violent crime in aid of racketeering activity as there needs to be a federal interest in the crime prosecuted.

5. That the statute itself is overboard, violative of the Fifth and Eighth Amendments violates the "power reserved to the state" clause as set forth in the Tenth Amendment to the United States Constitution, and exceeds the power of congress as drafted.

6. That the Indictment itself is so vague and indefinite in its terms in this Court as to deny the Defendant due process of law.

7.  That the Supreme Court, in the "school zone" issue cases has recognized that some matters are not of a Federal interest and thus cannot be controlled by Congress' desire to intrude into purely State activity, compare *United States v. Lopez*, 115 S.Ct. 1624 (1995).

The instant murder case is being prosecuted in the Seventeenth Judicial Circuit of Florida, Broward County.

8.  That while the statute at bar has been held to facially satisfy the "substantial effect" requirement for Congress to regulate under the commerce clause, [see ie, *United States v. Torres*, 129 F.3d 710 (2nd Cir. 1997)], the Defendant submits the vagueness of the Indictment and the actual facts will find the matter unconstitutional at least as applied.

9.  That further while the Courts have upheld the statute as to murders committed for purpose of gaining entrance to or maintaining or increasing a position in an enterprise, such is not properly alleged in this matter, so that it can withstand an "as applied" attack, [cf: *United States v. Riley*, 985 F.Supp 405 (USDC, SDNY 1997); *United States v. Cutalo*, 861 F.Supp 1142 (E.D. N.Y. 1994)].

10. That the Indictment should therefore be dismissed.

WHEREFORE the Defendant requests this Motion be granted.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the following parties listed below, this 31 day of January, 2001.

HADDAD & HESTER, P.A.
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394
[954] 467-6767

By: _____
FRED HADDAD
Florida Bar No. 180891

## CERTIFICATE OF SERVICE

Jeffrey H. Sloman, Esq.
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394

Larry LaVecchio, Esq.
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394

Richard Houlihan, Esq.
300 Aragon Avenue, Suite 310
Coral Gables, Florida 33134

Samuel Deluca, Esq.
3451 John F. Kennedy Blvd.
Jersey City, New Jersey 07307


Jeffrey Weinkle, Esq.
1035 N.W. 11th Avenue
Miami, Florida 33136

Donald Spadero, Esq.
1000 S. Federal Highway, Suite 103
Fort Lauderdale, Florida 33316

Michael Smith, Esq.
633 S.E. 3rd Street, Suite 4F
Fort Lauderdale, Florida 33301

Alejandro Taquechel, Esq.
3750 W. 16th Avenue, Suite 238
Hialeah, Florida 33012

Thomas Almon, Esq.
321 N.E. 26th Street
Miami, Florida 33137

Manuel Gonzalez, Esq.
782 N.W. Le Jeune Road, Suite 440
Miami, Florida 33126