UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273CR-HUCK

UNITED STATES OF AMERICA,

vs.

FREDERICK MASSARO,
    Defendant.
_____/

NIGHT BOX FILED

JAN 31 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

### MOTION FOR ACCELERATED DISCLOSURE OF BRADY, JENKS, KYLE, AGURS RELATED MATERIALS

COMES NOW the Defendant aforesaid by the undersigned counsel and makes Motion for Accelerated Disclosure of Brady, Jenks, Kyle Agurs Related Materials and would state as follows:

1.    That under the Standing Discovery Order the Government under paragraph (C) "shall reveal to the Defendants and permit inspection and copying of all information and material known to the Government which may be favorable to the Defendant on the issues of guilt or punishment with the scope of....." [Brady, Agurs].

2.    The Standing Discovery Order entered herein provides in paragraph Q that, "Timing of all discovery shall be governed by the provisions set forth in paragraph Q of Local Rule 88.10".

3.    That rule provides that, "Discovery which is to be made in connection with trial shall be made not later than 14 days after the arraignment or such other time as ordered by the Court".

4.    *Brady*, *Agurs*, *Giglio*, *Kyle*, and the like are trial related discovery matters, there has been no order of protection, and the discovery, it is submitted, is due.

5.    The undersigned believes, verily, that the Government has a great deal of *Brady*, *Agurs*, *Giglio*, *Kyle* material regarding the Defendant, as one or more of the "CS's" of the Government have told the undersigned of innumerable statements Mr. Hernandez has made about

this under some of which exonerate the Defendant, others of which describe the under in such a way as to be at the least favorable [ie, she died during rough sex].

6. Considering this would be the first "contract hit" when the victim is picked up at work, taken to a hotel, engaged in sex and dies of asphyxiation, the Defendant submits all favorable material should be offered.

7. The issues herein invoke under and potentially the death penalty. Considering the numerous releases from death row of the actual innocent, even in a State such as Florida which has open discovery to the degree that depositions are allowed, to fail to order the Government to produce immediately all favorable evidence so that it can fully be investigated by counsel is to deny the very basics of due process of law.

8. The prosecutors state they have an objection to this Motion.

WHEREFORE the Defendant requests this Motion be granted.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the following parties listed below, this 31 day of January, 2001.

HADDAD & HESTER, P.A.
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394
[954] 467-6767

By: _____
FRED HADDAD
Florida Bar No. 180891

## **CERTIFICATE OF SERVICE**

Jeffrey H. Sloman, Esq.
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394

Larry LaVecchio, Esq.
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394

Richard Houlihan, Esq.
300 Aragon Avenue, Suite 310
Coral Gables, Florida 33134

Samuel Deluca, Esq.
3451 John F. Kennedy Blvd.
Jersey City, New Jersey 07307

Jeffrey Weinkle, Esq.
1035 N.W. 11th Avenue
Miami, Florida 33136

Donald Spadero, Esq.
1000 S. Federal Highway, Suite 103
Fort Lauderdale, Florida 33316

Michael Smith, Esq.
633 S.E. 3rd Street, Suite 4F
Fort Lauderdale, Florida 33301

Alejandro Taquechel, Esq.
3750 W. 16th Avenue, Suite 238
Hialeah, Florida 33012

Thomas Almon, Esq.
321 N.E. 26th Street
Miami, Florida 33137

Manuel Gonzalez, Esq.
782 N.W. Le Jeune Road, Suite 440
Miami, Florida 33126