UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273CR-HUCK

UNITED STATES OF AMERICA,

vs.

FREDERICK MASSARO,
    Defendant.
_____/

## MOTION FOR APPOINTMENT OF "LEARNED COUNSEL" PURSUANT TO 18 U.S.C. §3005

COMES NOW Fred Massaro, by the undersigned counsel, and makes the above Motion and would state as follows:

1.    Title 18 U.S.C. §3005 provides as follows:

    3005.  Counsel and witnesses in capital cases

    Whoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel; and the court before which the defendant is to be tried, or a judge thereof, shall promptly, upon the defendant's request, assign 2 such counsel, of whom at least 1 shall be learned in the law applicable to capital cases, and who shall have free access to the accused at all reasonable hours. In assigning counsel under this section, the court shall consider the recommendation of the Federal Public Defender organization, or, if no such organization exists in the district, of the Administrative Office of the United States Courts. The defendant shall be allowed, in his defense to make any proof that he can produce by lawful witnesses, and shall have the like process of the court to compel his witnesses to appear at his trial, as is usually granted to compel witnesses to appear on behalf of the prosecution.

2.    The undersigned, who has been retained by the Defendant [the Defendant's daughter was an attorney in the undersigned's suite, is a longtime friend of the undersigned, and the undersigned is handling this matter at a greatly reduced fee if it even comes] was advised last week



by the prosecutor, Messrs. LaVecchio and Sloman to present any mitigation that is available by next week, thus evidencing the inception of the capital process.

3.  That with the inception of the capital process the undersigned would request "learned counsel" in the law applicable to capital cases be appointed. The undersigned has spoken with and would request the appointment of Christopher Grillo of Fort Lauderdale as second counsel, so as to prepare this matter.

4.  The undersigned would also state that based upon his examination of the materials available in these matters it appears in each prosecution where a federal capital defendant was able to retain counsel and the Defendant either became or was indigent and an appropriate request was then made, learned counsel has been appointed under the Criminal Justice Act to assist previously retained counsel. *See, e.g.*, <u>United States v. Thomas Pitera</u>, (E.D. NY CR No. 90-0424(RR)) (appointment of David Ruhnke of New Jersey); <u>United States v. Ronald Eugene Mathis</u>, (M.D. FL CR No. 91-301-CR0T017(A)) (appointment of Brian Donerly of Tampa, Florida); <u>United States v. Reginald Brown</u>, (E.D. MI CR No. 92-81127) (appointment of Richard Kammen of Indianapolis); <u>United States v. Charles Wilkes</u>, (E.D. MI CR No. 92-81127) (appointment of John Martin of Atlanta); <u>United States v. Darryl Johnson</u>, (W.D. NY CR. No. 92-159-C-S) (appointment of Ken Murray of Columbus, Ohio); <u>United States v. Len Davis</u>, (E.D. LA CR No. 94-381) (appointment of Milton Masinter of Metairie, Louisiana); <u>United States v. Tyrone Tidwell</u>, (E.D. PA CR No. 94-353) (appointment of federal defender's office and Jeffrey Urdangen of Chicago); <u>United States v. Steven Vest</u>, (W.D. MO CR No. 94-00037-01-04/07-17/19-23/25-CR-W-3) (appointment of Patrick Peters of Kansas City, Missouri); <u>United States v. Anthony Jones</u>, (D. MD CR No. WMN-96-0458) (appointment of M. Cristina Gutierrez of Baltimore); <u>United States v. Norris Holder</u>, (E.D. MO CR No. 4:97 CR 0140 ERW (TCM)) (appointment of Jennifer Brewer of St. Louis, Missouri); <u>United</u>

States v. Abeln, (S.D. IL CR No. 98-30022-PER) (appointment of Richard Sindel of Clayton, Missouri); *United States v. Efraim Garcia*, (E.D. MI CR No. 97-80727) (appointment of Jeffrey Urdangen of Chicago); and *United States v. Edsel Torres Gomez*, (D.PR CR No. 98-72(PG)) (appointment of Bill Matthewman of Boca Raton, Florida).

5. District courts have also appointment counsel pursuant to 18 U.S.C. §3005 and 21 U.S.C. §848(q)(4)-(10) to assist retained counsel in potential federal capital cases while pending review by the Department of Justice. *United States v. Munoz-Mosquera*, (E.D. NY CR No. 91-CR-1285 (S-2)) (appointment of David Ruhnke of New Jersey); *United States v. Perry Hollie*, (E.D. MI CR No. 96-90058-01) (appointment of Richard Kammen of Indianapolis); *United States v. Carlos Undry Hicks*, (E.D. MI CR No. 96-50047) (appointment of Tony Axam of Atlanta); *United States v. Alejandro Rojas*, (E.D. NY CR No. 97 CR 1060 (JBW)) (appointment of Richard Levitt of New York); *United States v. German Giraldo*, (E.D. NY CR No. 97-342) (appointment of Kevin McNally of Kentucky); *United States v. Rosie Baker*, (E.D. NY CR No. 97-CR-877) (appointment of Richard Burr of Texas); *United States v. Vance Baker*, (E.D. NY CR No. 97-CR-877) (appointment of Kevin McNally of Kentucky); and *United States v. Peter Rollack*, (S.D. NY CR No. S4 97-CR-1293) (appointment of Kevin McNally of Kentucky).

6. The undersigned would also request that appointed counsel begin to prepare with the undersigned the intense amount of death penalty work necessary to present to a jury and to defend the charges themselves.

7. The principle that death is different pervades death penalty jurisprudence.[1] As the

---

[1] *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976) ("Death, in its finality, differs more from life imprisonment than a 100 year prison term differs from one of only a year or two"); "The 'unique' nature of modern capital sentencing proceedings....derives from the fundamental principle

3

Supreme Court emphasizes in <u>Gardner v. Florida</u>, 430 U.S. 349 (1977):

> [D]eath is different punishment from any other which may be imposed in this country....From the point of view of the defendant, it is different in both its severity and its finality. From the point of view of society, the action of the sovereign in taking the life of one of its citizens differs dramatically from any other state action. It is of vital importance to the defendant and to the community that any decision to impose the death sentence be, and appear to be, based on reason rather than caprice or emotion.

*Id.* at 357-58. Since the ultimate penalty is uniquely different due to its finality and severity, increased scrutiny is required at every step of the capital process to ensure that death is the appropriate penalty. "[T]he qualitative difference of death from all other punishments requires a correspondingly greater degree of scrutiny of the capital sentencing determination". <u>Caldwell v. Mississippi</u>, 47 U.S. 320, 329 (1985).[2] The third Circuit has observed, "The sentencing phase of a death penalty trial is one of the most critical proceedings in our criminal justice system. It is *clearly* the most critical proceeding from the standpoint of the defendant hose life is at stake". <u>Lesko v. Lehman</u>, 925 F.2d 1527 (3 Cir. 1991). As counsel for Mr. Massaro it is the undersigned's obligation to present on his behalf a forceful, well-conceived, and adequately supported argument in opposition to Government's pursuit of the death penalty. *See* <u>Zettlemoyer v. Fulcomer</u>, 923 F.2d 284, 316 (3 Cir. 1991) (Sloviter, Cir. J. dissenting). That is why, it is submitted, the statute provides for the appointment of second counsel. Defense counsel never wanted to find themselves in the position

---

that death is 'different'". <u>Schiro v. Farley</u>, 114 S.Ct. 783 (1994).

[2] The principle that death is different requires a "heightened standard of reliability" in the entire process of the decision to impose death in an individual case. <u>Ford v. Wainwright</u>, 477 U.S. 399, 411 (1986). This heightened standard of reliability is "[t]he natural consequence of the knowledge that execution is the most irremediable and unfathomable of penalties: that death is different". *Id.*

4

of having a court ponder whether a more thorough or effective job on counsel's part might have saved the client's life.

8. That since this case is now in the posture of being death ready or death qualified the undersigned requests, again pursuant to 18 U.S.C. §3005 Mr. Grillo's appointment as learned second counsel in this matter.

9. Both Mr. Sloman and Mr. LaVecchio are out of the jurisdiction in meetings and hence did not speak to the undersigned regarding this Motion, however the statute appears clear.

WHEREFORE the Defendant requests this Motion be granted.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the following parties listed below, this ___ day of February, 2001.

HADDAD & HESTER, P.A.
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394
[954] 467-6767

By: _____
FRED HADDAD
Florida Bar No. 180891

**CERTIFICATE OF SERVICE**

Jeffrey H. Sloman, Esq.
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394

Larry LaVecchio, Esq.
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394

Richard Houlihan, Esq.
300 Aragon Avenue, Suite 310
Coral Gables, Florida 33134

5

Samuel Deluca, Esq.
3451 John F. Kennedy Blvd.
Jersey City, New Jersey 07307

Jeffrey Weinkle, Esq.
1035 N.W. 11th Avenue
Miami, Florida 33136

Donald Spadero, Esq.
1000 S. Federal Highway, Suite 103
Fort Lauderdale, Florida 33316

Michael Smith, Esq.
633 S.E. 3rd Street, Suite 4F
Fort Lauderdale, Florida 33301

Alejandro Taquechel, Esq.
3750 W. 16th Avenue, Suite 238
Hialeah, Florida 33012

Thomas Almon, Esq.
321 N.E. 26th Street
Miami, Florida 33137

Manuel Gonzalez, Esq.
782 N.W. Le Jeune Road, Suite 440
Miami, Florida 33126