UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273CR-HUCK

UNITED STATES OF AMERICA,

vs.

FREDERICK MASSARO,
    Defendant.
_____/

## DEFENDANTS' FRED MASSARO'S MOTION FOR INDIVIDUAL VOIR DIRE AND INCORPORATED MEMORANDUM OF LAW

COMES NOW the Defendant Fred Massaro, by the undersigned counsel and hereby moves that this Court permit individual attorney-conducted voir dire in connection with jury selection in this death penalty case and will present the following Memorandum in support thereof.

The Honorable Donald P. Lay of the Eighth Circuit United States Court of Appeals has written:

> We would, as judges, have to ignore what we know as men to assume that only the law and the naked facts carry the burden of persuasion. Psychology governs human affairs even in the courtroom. How a litigant or his lawyer appears, or how they speak and generally behave in court affects the totality of credibility of a given case .... Legitimate efforts in the course of jury selection can and should always be used to give a jury a favorable view of any litigant's case .... Our system of justice is deprived of its fullest potential when the lawyer is denied the right to examine veniremen in an adversary setting.

Judge Donald P. Lay, "In a Fair Adversary System The Lawyer Should Conduct the Voir Dire Examination of The Jury," The Judges Journal 63 (July 1974) at p. 49. This is particularly so when the ultimate penalty involved

Voir dire is a mutual search between jurors, lawyers and the Court to assess whether a particular prospective juror can assure the integrity of the trial process in a given case. Unless a



potential juror's attitudes, feelings and biases are explored, the juror does not know and cannot help the Court and counsel, who are charged with the responsibility of providing every defendant with a fair trial, to determine whether he or she should serve in the case at hand. This is particularly so when the ultimate penalty is involved.

> In sum, a series of closed ended questions, asked from the bench and eliciting no more than a "yes" or "no" response is infinitely less effective in determining a person's bias and prejudice than open ended probing questions posed by counsel who are intimate with the facts and issues of the controversy. To believe that the deficit of information obtained can be compensated for by the court's instructions is belied by the social science research.

Cathy E. Bennett, M.A., and Robert Fogelnest, Esq., "The Need For Individual, Sequestered, Attorney Conducted, Voir Dire," Philadelphia Bar Association, Criminal Justice Section Newsletter, Vol. III, Issue 1 (February 1984).

## REASONS FOR THE REQUEST FOR INDIVIDUAL VOIR DIRE

1. There has been and will probably continue to be considerable publicity about this case. The case involves allegedly the Gambino family and the names of John Gotti, Sammy "the Bull" Gravano have been referenced even in the Indictment. The defendant has also been the subject of a great deal of publicity considering the murder and discovery of the body of Ms. Jeanette Smith in the Everglades in a cardboard box.

2. Jurors questioned in large groups are less likely to divulge their true feelings and prejudices for fear of being branded an "unacceptable" juror and to avoid having to voice their opinions and prejudices publicly for fear of being struck from the jury panel. See Murphy v. Florida, 421 U.S. 794, 800, 95 S. Ct. 2031, 2036 (1975) (prospective juror's own "assurances that he is equal to the task cannot be dispositive of the accused's rights"); United States v. Shavers, 615 F.2d 266, 268 (5th Cir. 1980) ("[i]nquiring generally about one's impartiality or participation in a

criminal case as a witness or defendant fails to reach the important concerns highlighted in [the defendant's] proposed questions and might not reveal latent prejudice").

3. Prospective jurors may respond to questions in ways that would taint the attitudes and answers of other prospective jurors. This will necessitate a mistrial or an entire venire having to be stricken. This factor is most commonly present when there has been extensive pretrial publicity about a case or about issues in a case. Permitting individual voir dire will prevent such problems and will promote the open and honest answers which are sought by voir dire questioning.

4. In a case such as this, where the issues are serious and complex, particularly the "Witherspoon" death qualified jury issues, the jury selection process should be extensive enough to ensure that the parties are able to intelligently use their peremptory challenges and intelligently challenge prospective jurors for cause, in order to assure the likelihood that a fair and impartial jury will be selected in consonance with the Supreme Court's death jury decision. The selection procedures suggested in this motion will better assure the selection of a fair and impartial jury panel.

5. This case raises significant problems which will be encountered in attempting to determine whether prospective jurors have become so prejudiced by publicity as well as death penalty attitudes that they are unable to render a fair and impartial judgment based upon the merits of the case. Indeed, even a questionnaire, which the Defendant will propose to assist voir dire, would not suffice. Lawyer-conducted voir dire will allow the type of questioning calculated to effectively probe the possibility that such prejudice exists.

6. The procedures requested will not take any unnecessary time for the Court or the parties, and will prove to be a more efficient use of time, especially for those prospective jurors not required to sit through the questioning of other jurors. It is imperative that every precaution be taken to select the fairest jury possible, and the procedures requested will provide a very fair method of

selecting a jury under the circumstances of this case. Death case juries just do take more than a day to select.

7.   The requested procedures are necessary to protect the Defendants' rights under the Sixth Amendment to the United States Constitution.

## THE LEGAL STANDARD

The allowable limits of voir dire examination fall within a court's discretion, subject to the element of fairness. Aldridge v. United States, 283 U.S. 308, 310 (1931). Courts have recognized that individual, privately-conducted voir dire promotes candor. Irvin v. Dowd, 366 U.S. 717, 728 (1961). While collateral and unrelated issues are not a proper part of the voir dire process, the necessary inquiry varies in each particular case, depending on the specific facts involved. "Some questions may appear tangential for the trial but are actually so integral to the citizen juror's view of the case, especially one with publicly controversial issues, that they must be explored." United States v. Dellinger, 472 F.2d 340, 368 (7th Cir. 1972).

The nature and type of extensive media comment about issues and facts which may appear in this case signal the need for the type of procedure suggested in this motion. The Fifth and Sixth Amendments to the United States Constitution require that a criminal defendant be afforded a fair trial by a jury "free of the probability of prejudice." Rideau v. Louisiana, 373 U.S. 723 (1963); Estes v. Texas, 381 U.S. 532 (1965).

The Supreme Court analyzed the voir dire process in Mu'Min v. Virginia, 111 S. Ct. 1899 (1991). The Court explained that "[v]oir dire examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges." Id. at 1908. Although the Court rejected a claim that due process requires the individual questioning of jurors about matters pertaining to bias, the Court nevertheless noted in that case that the "subject of

possible bias from pretrial publicity" was covered extensively during the voir dire. Id.

Individual and privately-conducted voir dire serves to enhance the obtaining of a jury comprised of a non-biased, uninfluenced cross-section of the community. As the District of Columbia Circuit stated in Coppedge v. United States, 272 F.2d 504, 508 (D.C. Cir. 1979):

It is too much to expect of human nature that a juror would have volunteered, in open court, before his fellow jurors, that he would be influenced in his verdict by a newspaper story of the trial.

Many federal courts have authorized individualized, privately-conducted voir dire in order to promote candor on the part of prospective jurors. See, e.g., United States v. Addonizio, 451 F.2d 49 (3d Cir. 1971); United States v. McKinney, 429 F.2d 1019, 1028, n.9 (5th Cir.) cert. denied, 401 U.S. 922 (1971); United States v. Colabella, 448 F.2d 1299 (2d Cir. 1971).

Conducting group voir dire in this case could "taint" other members of the panel. This concern most commonly arises when there has been extensive pretrial publicity. See, e.g., United States v. Shropshire, 498 F.2d 137 (6th Cir. 1974); United States v. Ridley, 412 F.2d 1126 (D.C. Cir. 1969). Individual voir dire, conducted out of the presence and hearing of other prospective jurors, can insure that the defendants receive a fair and impartial trial by a jury that is free from extraneous influences and has no preconceived conclusions regarding guilt.

Besides insuring that the voir dire satisfies constitutional standards, individual examination of each prospective juror will facilitate counsel's intelligent use of peremptory challenges exercised pursuant to Rule 24(b). Peremptory challenges remain one of the most important rights of the accused. See Batson v. Kentucky, 476 U.S. 79 (1986); Swain v. Alabama, 380 U.S. 202 (1965). In view of the intricate and sensitive issues involved in this case and in view of the extensive prejudicial publicity, individual questioning of prospective jurors by counsel would enable counsel

to make individualized judgments regarding the exercise of peremptory challenges. This would minimize the possibility of impairing the peremptory challenge right. Appellate courts have instructed trial courts to "spare no effort to secure an impartial panel." United States v. Dennis, 183 F.2d 201, 226 (2nd Cir. 1950), aff'd, 341 U.S. 494 (1951). In a case like this, "voir dire examination that calls only for the jurors' subjective assessment of their own impartiality is inadequate and...general questions addressed to the entire panel do not adequately protect the defendant." United States v. McDonald, 576 F.2d 1350, 1355 (9th Cir. 1978).

Individual jurors will adapt better to attorney-conducted voir dire, and are more likely to respond in an uninhibited manner. Attorney-conducted voir dire will more easily elicit honest responses from prospective jurors.

## CONCLUSION

The Court has considerable discretion in determining the procedures to be utilized at voir dire. In exercising that discretion, this Court must be guided by the "demands of essential fairness." United States v. McGregor, 529 F.2d 928, 931 (9th Cir. 1976). "Rigorous voir dire of prospective jurors is required where pretrial publicity is great..." MacDonald, 576 F.2d at 1355. We submit that this Court should exercise its discretion, especially with regard to aspects of the case relating to publicity, and allow defense-conducted individual voir dire of prospective jurors and where necessary, do so out of the hearing and presence of other jurors.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the following parties listed below, this ⎯⎯ day of March, 2001.

HADDAD & HESTER, P.A.<br>
One Financial Plaza, Suite 2612<br>
Fort Lauderdale, Florida 33394<br>
[954] 467-6767<br>
<br>
By: _____<br>
FRED HADDAD<br>
Florida Bar No. 180891

**CERTIFICATE OF SERVICE**

Jeffrey H. Sloman, Esq.
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394

Larry LaVecchio, Esq.
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394

Richard Houlihan, Esq.
300 Aragon Avenue, Suite 310
Coral Gables, Florida 33134

Samuel Deluca, Esq.
3451 John F. Kennedy Blvd.
Jersey City, New Jersey 07307

Jeffrey Weinkle, Esq.
1035 N.W. 11th Avenue
Miami, Florida 33136

Donald Spadero, Esq.
1000 S. Federal Highway, Suite 103
Fort Lauderdale, Florida 33316

Michael Smith, Esq.
633 S.E. 3rd Street, Suite 4F
Fort Lauderdale, Florida 33301

Alejandro Taquechel, Esq.
3750 W. 16th Avenue, Suite 238
Hialeah, Florida 33012

Thomas Almon, Esq.
321 N.E. 26th Street
Miami, Florida 33137

Manuel Gonzalez, Esq.
782 N.W. Le Jeune Road, Suite 440
Miami, Florida 33126