


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 006-6273-CR-HUCK/BROWN

UNITED STATES OF AMERICA,

    PLAINTIFF,

v.

ANTHONY TRENTACOSTA, et al.,

    DEFENDANTS.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT MASSARO'S MOTIONS TO DISMISS COUNT 1 AND COUNTS 17-20

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and files this Response in opposition to defendant Massaro's motions to dismiss counts of the indictment.[1]

In his first Motion (DE 161), the defendant maintains that Count1, the RICO conspiracy count, is insufficient in describing the enterprise with which the defendant was associated. In his second Motion (DE 163), the defendant maintains that this failure to sufficiently describe the enterprise mandates a dismissal of the RICO murder charges underpinning Counts 17-20, which

---

[1] The instant Response addresses those issues raised in defendant Massaro's Motion to Dismiss Indictment, RICO Conspiracy (DE 161), Massaro's Memorandum in Support of Motion to Dismiss (DE 162) and Massaro's Initial Motion to Dismiss Murder Related Counts (DE 163). Given that the defendant's motion to dismiss the murder related counts is, in substantial part, based upon the arguments advanced in his motion to dismiss the RICO conspiracy count, the government has combined them for response.

require the existence of an enterprise. The defendant further asserts that the RICO murder charges are vague and indefinite. The defendant is incorrect on all counts.[2]

### ALLEGATIONS CONTAINED IN THE INDICTMENT

Paragraph 3 of Count I sets forth the enterprise as follows:

> 3. The enterprise by which the defendants were employed and with which they were associated, and which was engaged in and the activities of which affected interstate and foreign commerce, was the South Florida crew of the Gambino Crime Family, which was a group of individuals associated in fact, although not a legal entity, which group constituted an enterprise as defined in Title 18, United States Code, Section 1961(4), and which enterprise engaged in various criminal activities within the Southern District of Florida and elsewhere, and, as such, constituted an enterprise as defined in Title 18, United States Code, Section 1961(4).

Paragraph 4 of Count I sets forth the pattern of racketeering activity as follows:

> 4. The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), through which the defendants and their co-conspirators agreed to conduct and participate in the conduct of the affairs of the enterprise consisted of multiple acts or threats involving Murder, in violation of Section 782.04 Florida Statutes; and Extortion, in violation of Section 836.05 Florida Statutes; and acts which are indictable under the following provisions: Making Extortionate Extensions of Credit, in violation of Title 18, United States Code, Section 893; Collection of Extensions of Credit by Extortionate Means, in violation of Title 18, United

---

[2]Insofar as the defendant asserts that the RICO statute ought to be declared unconstitutional for vagueness in failing to sufficiently define a "pattern of racketeering activity," he also recognizes, as he must, that "the 11th Circuit has upheld the RICO statute and the Court is bound thereby." Defendant's Memorandum in Support of Motion to Dismiss (DE 162), p. 5. Similarly, insofar as the defendant maintains that the RICO murder statute is over broad and violates the Tenth Amendment, he acknowledges, as he must, that the statute's constitutionality has been upheld. Defendant's Initial Motion to Dismiss Murder Related Counts (DE 163), p. 2. Consequently, those arguments are not addressed herein, as the defendant concedes that he is not entitled to relief on those grounds.

2

States Code, Section 894; Fraud and Related Activity in Connection with Identification Documents and Information, in violation of Title 18, United States Code, Section 1028; Bank Fraud, in violation of Title 18, United States Code, Section 1344; Theft from Interstate Shipments in violation of Title 18, United States Code, Section 659; Interference with Commerce by Threats or Violence, in violation of Title 18, United States Code, Section 1951; and Obstruction of Justice, in violation of Title 18, United States Code, Section 1503.

Thereafter, in paragraph 8, pages 9-12, the indictment sets forth specific means and methods which serve to further describe the pattern of racketeering activity which was contemplated within the framework of the conspiracy.

I. The indictment sufficiently alleges an enterprise.

The term "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. 1961(4). It is now settled that the term "enterprise" encompasses both legitimate and illegitimate enterprises. United States v. Turkette, 452 U.S. 576 (1981). The courts have given a broad reading to the term "enterprise." As the Court stated in Turkette, "There is no restriction upon associations embraced by the definition [of enterprise]." Id. at 580. The courts have resoundingly and uniformly upheld the propriety of describing association-in-fact enterprises for RICO purposes in the same manner as that alleged in the instant indictment. See, United States v. Turkette, surpra.; United States v. Mitchell, 777 F.2d 248, 259 (5th Cir. 1985) [group of individuals associated together for the purpose of importing marijuana sufficient for RICO enterprise]; United States v. Local 560, Int'l Brotherhood of Teamsters, 780 F.2d 267, 273 (3d Cir. 1985) ["Provenzano group" of the Scarfo organized crime family could constitute enterprise]; United States v. Santoro, 647 F.Supp. 153, 176 (E.D.N.Y. 1986) ["Luchese Family" alleged as association-in-fact enterprise], affirmed, 880 F.2d

3

1319 (2d Cir. 1989). Consequently, it is clear that the enterprise, as defined in the instant case, is sufficient.

The gist of the defendant's argument is that, in the case at bar, the government has failed to allege an enterprise separate and distinct from the pattern of racketeering activity. A simple reading of the indictment puts the defendant's argument to rest. The indictment defines the enterprise as a crew of the Gambino Organized Crime Family. The General Allegations of the indictment, at pages 1 through 5, which are incorporated by reference in Count 1, specifically define the nature of the enterprise, its hierarchy, and the manner in which each of the defendants was associated therewith. Indeed, the defendant concedes, at page 4 of his Memorandum in Support of Motion to Dismiss, that a "Mafia family" would constitute a legally sufficient enterprise. If so, then certainly a crew of that family, as alleged in the instant indictment, demonstrates the organizational pattern and system of authority to suffice. Moreover, the defendant's Motion sets forth an incorrect analysis of what is required in terms of distinctness between the enterprise and the pattern of racketeering activity. The Eleventh Circuit has consistently held that the existence of an enterprise may be inferred from the evidence establishing the pattern of racketeering activity.

In <u>United States v. Church</u>, 955 F.2d 688 (11th Cir. 1992), the court upheld the sufficiency of the evidence where the association-in-fact enterprise was comprised of a group of individuals who were devoted to making money from repeated criminal activity and protecting that money by any means necessary, even though the enterprise membership was not the same from beginning to end, but "[a]s participants left the enterprise, others joined, each becoming involved in multiple aspects

4

of the enterprise." Id. at 698-99. In United States v. Hewes, 729 F.2d 1302 (11th Cir. 1984), the court found the evidence to be sufficient to establish an association-in-fact enterprise even though the enterprise consisted of "a group of persons who had committed a variety of unrelated offenses with no agreement as to any particular crime" but who were "associated for the purpose of making money from the repeated criminal activity." Id. at 1311. Even in United States v. Cagnina, 697 F.2d 915 (11th Cir. 1983), which the defendant's Motion quotes in part at page 2, the court held that the Court's opinion in Turkette "did not suggest that the enterprise must have a distinct, formalized structure" and "[a]lthough both an enterprise and a pattern of racketeering activity must be shown, the proof used to establish the two elements may in particular cases coalesce." Id. at 921-22. The Cagnina court thereupon upheld the sufficiency of an enterprise where the evidence showed an informal association with a common purpose, i.e. making money from repeated criminal activity, and this association functioned for several years under the leadership of one defendant. By contrast, in the case at bar, the enterprise is described as a group with a formalized structure which engaged in a pattern of criminality in South Florida for approximately six years. The indictment in this case clearly exceeds the requirements of the law.

II. Counts 17-20 are sufficiently pled.

In the defendant's Initial Motion to Dismiss Murder Related Counts (DE 163) he amorphously asserts that Counts 17-20 of the indictment are vague and indefinite, and that the allegations concerning the fact that the murders in question were committed for the purpose of gaining entrance to or maintaining or increasing a position in the enterprise is not properly alleged. In so asserting, the defendant fails to advise this Court as to how, or in what manner, the indictment is deficient in failing to place him on notice of the charges against him or subject him to double

jeopardy. Where, as here, the indictment tracks the wording of the statute, and sets forth the essential elements of the crime, it is sufficient. See, United States v. Critzer, 951 F.2d 306 (11th Cir. 1992), and cases cited therein.

## CONCLUSION

WHEREFORE, the government respectfully submits that the defendant Massaro's motions to dismiss counts of the indictment should properly be denied. The enterprise described in Count 1, and incorporated by reference into Counts 17-20, is sufficiently described, and Counts 17-20 are sufficiently pled.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 305405
299 East Broward Boulevard
Fort Lauderdale, Florida 33394
954/356-7255/ 356-7230 - fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by U.S. mail to the following on this 30th day of May 2001.

Richard K. Houlihan, Esq. **(for Anthony Trentacosta)**
300 Aragon Avenue, Ste. 310
Coral Gables, Florida 33134

Fred Haddad, Esq. **(for Frederick J. Massaro)**
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394

Samuel D. DeLuca, Esq. **(for Francis Ruggiero)**
3451 John F. Kennedy Blvd.
Jersey City, New Jersey 07307

Jeffrey Weinkle, Esquire **(for Ariel Hernandez)**
1035 NW 11th Avenue
Miami, Florida 33136

Donald Spadaro, Esquire **(for Julius B. Chiusano)**
1000 S. Federal Highway, Suite 103
Fort Lauderdale, Florida 33316

Michael G. Smith, Esquire **(for Adam Todd Silverman)**
633 SE 3rd Avenue, Suite 4F
Fort Lauderdale, Florida 33301

Albert Z. Levin, Esquire **(for Carlos Garcia)**
888 Brickell Avenue, Sixth Floor
Miami, Florida 33131

Thomas Almon **(for Charles P. Monico)**
321 NE 26th Street
Miami, Florida 33137

Manuel Gonzalez, Esquire **(for Anthony R. Banks)**
782 NW Le Jeune Road, Suite 440
Miami, Florida 33126

William D. Matthewman, Esq. **(for Ariel Hernandez)**
2300 Glades Rd., Suite 340 - West Tower
Boca Raton, Florida 33431

Christopher A. Grillo, Esq. **(for Frederick J. Massaro)**
1 East Broward Blvd., #700
Ft. Lauderdale, Florida 33301

_____
LAWRENCE D. LaVECCHIO
Assistant United States Attorney