UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273-CR-HUCK/BROWN

UNITED STATES OF AMERICA,          :

         PLAINTIFF,          :

v.          :

ANTHONY TRENTACOSTA, et al.,          :

         DEFENDANTS.          :

## GOVERNMENT'S RESPONSE TO DEFENDANT MASSARO'S MOTION TO EXCLUDE 404(b) EVIDENCE

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files its response in opposition to defendant Frederick J. Massaro's motions regarding the introduction of evidence pursuant to Rule 404(b), Fed.R.Evid.[1]

The defendant Massaro has filed motion seeking the exclusion of evidence under Rule 404(b), Fed.R.Evid., and a relevancy hearing under Rule 104, Fed.R.Evid., prior to the admission

---

[1] The instant Response addresses those issues raised in the following motions which are before the Court: Motion by Frederick J. Massaro to Exclude 404(b) Evidence [403 and 404 Objections], and Incorporated Memorandum of Law (DE 160); and Motion by Frederick J. Massaro For Rule 104(c) Hearing Regarding Rule 404(b) Evidence With Memorandum of Law (DE 155). Ariel Hernandez had previously filed a Motion For Disclosure of Rule 404 Evidence and Memorandum of Law (DE 186). However, during a status conference before Judge Huck which occurred on April 19, 2001, the government advised the Court that it had complied with the defendant's request by divulging all evidence which the government may offer at trial, including such evidence which may be offered under Rule 404(b) or otherwise. Thus, Hernandez' Motion has been rendered moot.

1

of any such evidence. Other than a general objection to the introduction of evidence concerning the defendant's affiliation with organized crime, the defendant fails to identify specifically which evidence he seeks to exclude, other than to assert that any such evidence would only serve to prove the defendant's bad character and criminal propensity. The government respectfully asserts that, given the nature of the instant case, and the charges set forth in the indictment, the defendant's Motions should properly be denied.

The defendant Massaro is charged, in Count 1 of the indictment, with RICO conspiracy. The enterprise with which the defendant was associated is set forth in Paragraph 3 of Count I:

> 3. The enterprise by which the defendants were employed and with which they were associated, and which was engaged in and the activities of which affected interstate and foreign commerce, was the South Florida crew of the Gambino Crime Family, which was a group of individuals associated in fact, although not a legal entity, which group constituted an enterprise as defined in Title 18, United States Code, Section 1961(4), and which enterprise engaged in various criminal activities within the Southern District of Florida and elsewhere, and, as such, constituted an enterprise as defined in Title 18, United States Code, Section 1961(4).

Further, the General Allegations of the indictment, which are specifically incorporated by reference into Count1, state, in pertinent part, the following (at pages 2-3):

> 1. The Gambino Organized Crime Family of La Cosa Nostra (hereinafter referred to as "the Gambino Crime Family") was a criminal organization that operated in the Southern District of Florida, the State of Georgia, the State of New York, and elsewhere.
> 2. The Gambino Crime Family operated through groups of individuals headed by "captains," who were also referred to as "capos" or "skippers." These groups, which were referred to as "crews" or "regimes," consisted of inducted members of the Gambino Crime Family, who were also referred to as "soldiers" or "made guys," and non-member criminal associates of the family.
> 3. The South Florida crew of the Gambino Crime Family was supervised and controlled by the hierarchy of the Gambino Crime

> Family located in New York. The South Florida crew generated profits from criminal activities for the benefit of the Gambino Crime Family.

* * *

> 6. Defendant **FREDERICK J. MASSARO,** a/k/a "Freddie," a/k/a "Uncle," was a close criminal associate of Anthony Ruggiano and of defendant **ANTHONY TRENTACOSTA**. Defendant **MASSARO** was part of the South Florida crew of the Gambino Crime Family that was controlled by Anthony Ruggiano and, after his death, by defendant **TRENTACOSTA**. Defendant **MASSARO** controlled and operated Beachside Mario's, formerly known as Locatelli's Restaurant, located at 17210 Collins Avenue, Sunny Isles, Florida. This business was used by the South Florida crew of the Gambino Crime Family for the purpose of producing counterfeit checks, dealing in stolen merchandise, making and collecting unlawful extensions of credit, and planning murder.

The government will prove the existence of the enterprise, in part, through the testimony of witnesses that there exists in the United States a clandestine criminal organization known to its members as "La Cosa Nostra" or "mafia;" that La Cosa Nostra has "families" in cities throughout the United States, including a "family" in New York called the "Gambino Family;" that during all times relevant to the indictment, the Gambino Family operated illegal activities in South Florida through its "South Florida crew;" that Trentacosta supervised this crew on behalf of the Gambino Family; that Massaro was a member of this crew and that he associated with others to plan and commit criminal activities in South Florida on behalf of the enterprise, for the benefit of the Gambino Family.

Given the nature of the criminal organization in which Massaro willfully participated, and the elements of the crimes charged in the indictment, the government may properly present evidence regarding the history and the continuity of the enterprise, as well as the roles within it played by the

defendants and their associates. Thus, the evidence of organized crime affiliation which the defendant Massaro is apparently challenging is clearly admissible at trial. See, United States v. Daly, 842 F.2d 1380 (2d Cir. 1988); United States v. Angiulo, 847 F.2d 956 (1st Cir. 1988); United States v. Pungitore, 910 F.2d 1084 (3d Cir. 1990); United States v. Locascio, 6 F.3d 924 (2d Cir. 1993); United States v. Amuso, 21 F.3d 1251 (2d Cir. 1994); United States v. Gambino, 59 F.3d 353 (2d Cir. 1995). Under circumstances less compelling than those presented in the instant case, the Eleventh Circuit has held that evidence concerning the hierarchy and structure of the Gambino Family, the roles of each position within the family, and the connection of the defendants with the family is admissible, even where, unlike here, such evidence is not directly connected to the activities for which the defendants are being tried. United States v. Van Dorn, 925 F.2d 1331 (11th Cir. 1991).

To the extent that the defendant complains that some of the evidence which the government will present is historical in nature, and dates back to the "old days," he ignores the fact that one element which the government is required to prove is that each defendant was employed by or associated with the enterprise (i.e. the South Florida crew of the Gambino Family, which is controlled by the hierarchy of the Gambino Crime Family in New York). The evidence establishes that defendants Trentacosta and Massaro have long-standing associations with that criminal organization, and the evidence of their words and deeds in furtherance of the activities of that criminal organization is clearly relevant and is therefore admissible. Moreover, even if it did not directly apply to an element of the offense, such evidence would be admissible as inextricably intertwined with the crimes charged in the indictment, irrespective of Rule 404(b), as evidence that provides a link in "the chain of events explaining the context, motive, and setup of [a] crime" is

properly admitted independent of Rule 404(b) in order "to complete the story of the crime for the jury." United States v. Williford, 764 F.2d 1493, 1498-99 (11th Cir. 1985). Moreover, to the extent that government witnesses may explain their personal relationships with the defendants, and the various illegal activities in which they were engaged together, such testimony is admissible without regard to Rule 404(b). See, United States v. Foster, 889 F.2d 1049, 1053 (11th Cir. 1989) ("evidence that forms an integral and natural part of the witness' accounts of the circumstances surrounding the offenses for which the defendant was indicted is admissible even if it tends to reflect negatively on the defendant's character").

## CONCLUSION

WHEREFORE, the government respectfully requests that the Court deny the defendant Massaro's motions to exclude 404(b) evidence and deny any hearing pursuant to Rule 104(c), Fed.R.Evid. As set forth hereinabove, the evidence concerning the defendant's association with, and his activities in furtherance of, the Gambino Crime Family is clearly admissible given the charges set forth in the indictment.[2]

---

[2] While it is the government's position that the evidence concerning the defendants' affiliation with organized crime in this case is intrinsic, not extrinsic, and is thus not governed by Rule 404(b), the government would note, parenthetically, that Rule 404(b) is a rule of inclusion, not exclusion, "and 404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case." United States v. Pereez-Tosta, 36 F.3d 1552, 1562 (11th Cir. 1994). Where, as here, the defendants are charged with conspiracy, the reasons for admitting Rule 404(b) evidence are even more compelling than in other cases, as such evidence is particularly probative. United States v. Manner, 887 F.2d 317 (D.C.Cir. 1989). The Eleventh Circuit, in upholding the admission of such evidence, explained that "[o]ne of the elements of conspiracy that the prosecution must establish beyond a reasonable doubt is an intention to further the purposes of the conspiracy. Extrinsic evidence of past bad acts is admissible to establish intent, provided the court offers a limiting instruction to the jury ..." United States v. Costa, 947 F.2d 919, 925 (11th Cir. 1991). The Costa court went on to state that "[t]he law in this Circuit provides that intent becomes a material issue whenever a defendant pleads not guilty to a charge of conspiracy unless the defndant affirmatively withdraws the element of intent from the

5

                      Respectfully submitted,

                      GUY A. LEWIS
                      UNITED STATES ATTORNEY

By: _____
                      LAWRENCE D. LaVECCHIO
                      Assistant U.S. Attorney
                      Fla. Bar No. 0305405
                      500 E. Broward Blvd., 7th Floor
                      Ft. Lauderdale, Florida 33394
                      (954) 356-7255/(954) 356-7230 - fax

---

case." Id. See also, United States v. Maxwell, 34 F.3d 1006 (11th Cir. 1994); United States v. Hernandez, 896 F.2d 513 (11th Cir. 1990).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by U.S. mail to the following on this 8th day of June 2001.

Richard K. Houlihan, Esq. (**for Anthony Trentacosta**)
300 Aragon Avenue, Ste. 310
Coral Gables, Florida 33134

William D. Matthewman, Esq. (**for Ariel Hernandez**)
2300 Glades Rd., Suite 340 - West Tower
Boca Raton, Florida 33431

Fred Haddad, Esq. (**for Frederick J. Massaro**)
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394

Christopher A. Grillo, Esq. (**for Frederick J. Massaro**)
1 East Broward Blvd., #700
Ft. Lauderdale, Florida 33301

Samuel D. DeLuca, Esq. (**for Francis Ruggiero**)
3451 John F. Kennedy Blvd.
Jersey City, New Jersey 07307

Jeffrey Weinkle, Esquire (**for Ariel Hernandez**)
1035 NW 11th Avenue
Miami, Florida 33136

Donald Spadaro, Esquire (**for Julius B. Chiusano**)
1000 S. Federal Highway, Suite 103
Fort Lauderdale, Florida 33316

Michael G. Smith, Esquire (**for Adam Todd Silverman**)
633 SE 3rd Avenue, Suite 4F
Fort Lauderdale, Florida 33301

Albert Z. Levin, Esquire (**for Carlos Garcia**)
888 Brickell Avenue, Sixth Floor
Miami, Florida 33131

Thomas Almon (**for Charles P. Monico**)
321 NE 26th Street
Miami, Florida 33137

Manuel Gonzalez, Esquire (**for Anthony R. Banks**)
782 NW Le Jeune Road, Suite 440
Miami, Florida 33126

LAWRENCE D. LaVECCHIO
Assistant United States Attorney