UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO.  #00-6273CR-HUCK

    Plaintiff,   JUDGE:   HUCK

v.

FREDERICK MASSARO,

    Defendant.

_____/

## MOTION FOR INSTRUCTIONS FROM COURT TO COUNSEL APPOINTED AS "LEARNED COUNSEL" UNDER 18 U.S.C. 3005

Undersigned counsel, CHRISTOPHER A. GRILLO, ESQUIRE, hereby files this Motion for Instructions From Court to Counsel Appointed as "Learned Counsel" Under 18 U.S.C. 3005, and would show as follows:

1. Undersigned counsel, CHRISTOPHER A. GRILLO, was appointed by this Court as "learned counsel" under 18 U.S.C. 3005, as the government had indited the Defendant, FRED MASSARO, for a capital crime and the death penalty was a potential sanction.

2. After extensive work on this case by Undersigned counsel, including but not limited to meeting with the client and reviewing discovery, the preparation of a mitigation memorandum, letter, attendance at meetings with U.S. Attorney Guy Lewis and other members of the local U.S. Attorney's Office, and participation in the meeting of the Department of Justice Death Penalty Review Committee located in Washington, D.C., Undersigned counsel was pleased to learn that the Attorney General recently decided not to authorize this case as a death penalty prosecution.

3. In light of the fact that this case will not be a death penalty case, Undersigned counsel



requests instructions from this Court as to whether he is discharged from further representation of the Defendant, FRED MASSARO, or whether this Court intends to keep Undersigned counsel in this case as co-counsel with Fred Haddad, Esquire under Section 6.02B(2) of the C.J.A. Guidelines; a copy of which is attached, this Court has the discretion to terminate Undersigned counsel's appointment or continue Undersigned Counsel's appointment. As this Court may recall, Mr. Haddad is retained counsel, but Mr. Massaro was unable to afford two (2) attorneys.

WHEREFORE, Undersigned counsel requests that this Honorable Court issue its Order instructing counsel as to his further role, if any, in this case, and that this Court take all further action deemed just and proper.

I HEREBY CERTIFY that a copy of the foregoing Motion has been provided by U.S. Mail to all those specified on the attached Service List, this 21st day of June, 2001.

Respectfully submitted,

CHRISTOPHER A. GRILLO, P.A.
CJA Learned Counsel for Massaro
1 East Broward Boulevard, #700
Fort Lauderdale, FL 33301
(954) 524-1125

CHRISTOPHER A. GRILLO, ESQ
Florida Bar No. 302661

**SERVICE LIST**
**USA V. MASSARO, ET AL**
**Case No. #00-6273CR-HUCK**

Mr. Jeffrey D. Weinkle, Esq.
1035 N.W. 11th Avenue
Miami, FL 33136-2911

AUSA Lawrence Lavecchio
AUSA Jeffrey Sloman
United States Attorney's Office
600 E. Broward Boulevard, Suite 700
Fort Lauderdale, FL 33394-3000

Samuel D. Deluca, Esq.
3451 John F. Kennedy Blvd.
Jersey City, NJ 07307

Michael Smith, Esq.
633 S.E. 3rd Avenue, #4F
Fort Lauderdale, FL 33301

Thomas Almon, Esq.
321 N.E. 26th Street
Miami, FL 33137

Richard Houlihan, Esq.
300 Aragon Avenue, #310
Coral Gables, FL 33134

Fred Haddad, Esq.
One Financial Plaza, Suite 2612
Fort Lauderdale, FL 33394

Donald Spadero, Esq.
1000 S. Federal Highway, Suite 103
Fort Lauderdale, FL 33316

Arturo Taquechel, Esq.
3760 W. 16th Avenue, Suite 238
Hialeah, FL 33012

Manuel Gonzalez, Esq.
782 N.W. LeJeune Road, Suite 440
Miami, FL 33126

proceedings, applications for stays of execution, competency proceedings, proceedings for executive or other clemency, and other appropriate motions and proceedings.

6.02   Compensation of Appointed Counsel in Capital Cases.

   A.   Inapplicability of CJA Hourly Rates and Compensation Maximums.

   (1)   Hourly Rates. Pursuant to 21 U.S.C. § 848(q)(10)(A), with respect to federal death penalty cases and federal capital habeas corpus proceedings commenced, and appellate proceedings in which an appeal is perfected, on or after April 24, 1996, the presiding judicial officer shall set the hourly compensation rate for appointed counsel in an amount not to exceed $125 per hour for in-court and out-of-court time (unless raised by the Judicial Conference in accordance with section 848(q)(10)(A)).

   For capital cases commenced, and appellate proceedings in which an appeal was perfected, before April 24, 1996, in accordance with 21 U.S.C. § 848(q)(10), prior to that provision's amendment by the Antiterrorism Act, an attorney appointed to represent a defendant charged with a federal capital crime or seeking to vacate or set aside a death sentence in a proceeding under section 2254 or 2255 of title 28, U.S.C., shall be compensated at a rate and in an amount determined exclusively by the presiding judicial officer to be reasonably necessary to obtain qualified counsel to represent the defendant, without regard to CJA hourly rates or compensation maximums.

   (2)   Inapplicability of Compensation Maximums. There is neither a statutory case compensation maximum for appointed counsel nor provision for review and approval by the chief judge of the circuit of the case compensation amount in capital cases.

   B.   Attorney Compensation Recommendation.

   (1)   In the interest of justice and judicial and fiscal economy and in furtherance of relevant statutory provisions regarding qualifications of counsel in capital cases (see paragraph 6.01 C), presiding judicial officers are urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided.

5



EXHIBIT

A