NIGHT BOX
FILED

AUG 23 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273-CR-HUCK/BROWN

UNITED STATES OF AMERICA,  :

          PLAINTIFF,  :

v.  :

ANTHONY TRENTACOSTA, et al.,  :

          DEFENDANTS.  :

## GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT MASSARO'S MOTIONS REGARDING 404(b) EVIDENCE

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files its supplemental response to defendant Frederick J. Massaro's motions regarding the introduction of evidence at trial pursuant to Rule 404(b), Fed.R.Evid.[1]

As set forth in the government's initial Response to the defendant's motions, it is the government's position that none of the evidence which it intends to introduce during its case in chief constitutes evidence of other crimes, wrongs or acts pursuant to Rule 404(b), Fed.R.Evid. Rather,

---

[1] On or about June 8, 2001, the government filed a Response (DE 273) which addressed those issues raised in the following motions: Motion by Frederick J. Massaro to Exclude 404(b) Evidence [403 and 404 Objections], and Incorporated Memorandum of Law (DE 160); and Motion by Frederick J. Massaro for Rule 104(c) Hearing Regarding Rule 404(b) Evidence With Memorandum of Law (DE 155). The instant Supplemental Response is being filed in conformity with the Court's Order of August 2, 2001 requiring same.

1

. given the nature of the charges contained in the instant indictment, such evidence concerning acts outside the indictment are admissible as acts which are inextricably intertwined with those contained in the indictment and/or acts which prove the defendants' association with the criminal enterprise alleged in the indictment. Such evidence is admissible irrespective of Rule 404(b). In response to this Court's order for supplemental pleadings, the government can only set forth below those matters which the defendants may arguably assert to be Rule 404(b) evidence:

1. Defendant Trentacosta became a soldier in the Gambino Crime Family in 1986 after being sponsored by John Gotti. At that time, Trentacosta was involved in bookmaking and loansharking activity on behalf of the Gambino Crime Family.

2. Between 1987 and 1989, Trentacosta was involved in a major gasoline tax fraud ring being conducted by the Genovese, Luchese, Colombo and Gambino Crime Families in New York and New Jersey which ultimately defrauded the government of over $100 million. Trentacosta was one of the representatives of the Gambino Crime Family during meetings with other organized crime members and associates at which the details concerning the fraud were discussed, and accepted money from the perpetrators of the fraud on behalf of the Gambino Crime Family. During the course of this criminal activity, Trentacosta threatened to murder one of the participants in the scheme.[2]

3. In 1990, after Trentacosta moved to Atlanta, Georgia, he stated that defendant Frederick J. Massaro was part of his crew. Notwithstanding the fact that Massaro was assigned to the crew of Anthony Ruggiano, Massaro paid a portion of all the proceeds which he derived from criminal activity to Trentacosta. Massaro's illegal activities in which he engaged, and through which he

---

[2] The details surrounding this scheme are contained within the prior trial testimony of witness Edward Dougherty, which has been previously provided to defense counsel.

generated these proceeds, included credit card fraud, dealing in stolen property, gambling and loansharking.

4. Between 1995 and 2000, Massaro attempted to engage in several fraudulent telemarketing ventures.

5. During 1997 and 1998, an associate of Trentacosta named John Porcaro was the part-owner and operator of a fraudulent telemarketing company named Trump Financial Group. Trentacosta received from Porcaro financial benefits which were taken from the proceeds of this fraudulent business. On June 13, 1998, Porcaro disappeared under mysterious circumstances and is presumed dead. Massaro retrieved Porcaro's personal effects from Porcaro's vehicle, which was discovered at Ft. Lauderdale International Airport. Thereafter, Massaro went to the offices of Trump Financial Group, stated that Porcaro would not be returning and claimed to be the new partner in the business, replacing the missing John Porcaro. Ultimately, Trentacosta interceded, instructing the remaining operators of the business to not pay Massaro any proceeds from the business and to pay a portion of the proceeds to Porcaro's spouse. Thereafter, Trentacosta threatened that he would kill Massaro if he learned that Massaro had anything to do with Porcaro's disappearance.

6. During 1998 and 1999, Massaro introduced an individual named Daniel Meisel to Trentacosta for the purpose of having Trentacosta intercede on Meisel's behalf with another organized crime associate who claimed that Meisel owed money as a result of illegal gambling activity in which Meisel was engaged. Trentacosta thereupon attempted to resolve this issue on Meisel's behalf.

7. During 1994 and 1995, Massaro was engaged with Gambino Crime Family associate Aniello Napolitano in the sale of counterfeit merchandise and cocaine trafficking.

8. In addition to being involved in the stolen property transaction set forth as Count 24 of the indictment, Massaro engaged in other crimes involving the possession and distribution of stolen property with William Dante during 1999.

9. During the time period that Massaro operated Beachside Mario's restaurant, Massaro and others engaged in the theft of foodstuffs and other goods which were utilized in and sold through that business.

10. During 1999, Massaro knowingly purchased computers and cigarettes which had been obtained through the fraudulent use of credit cards and/or unauthorized access devices.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
LAWRENCE D. LaVECCHIO
Assistant U.S. Attorney
Fla. Bar No. 0305405
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, Florida 33394
(954) 356-7255/(954) 356-7230 - fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by U.S. mail to the following on this 23rd day of August 2001.

Richard K. Houlihan, Esq. **(for Anthony Trentacosta)**
300 Aragon Avenue, Ste. 310
Coral Gables, Florida 33134

Fred Haddad, Esq. **(for Frederick J. Massaro)**
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394

Samuel D. DeLuca, Esq. **(for Francis Ruggiero)**
3451 John F. Kennedy Blvd.
Jersey City, New Jersey 07307

Jeffrey Weinkle, Esquire **(for Ariel Hernandez)**
1035 NW 11th Avenue
Miami, Florida 33136

Donald Spadaro, Esquire **(for Julius B. Chiusano)**
1000 S. Federal Highway, Suite 103
Fort Lauderdale, Florida 33316

Michael G. Smith, Esquire **(for Adam Todd Silverman)**
633 SE 3rd Avenue, Suite 4F
Fort Lauderdale, Florida 33301

Albert Z. Levin, Esquire **(for Carlos Garcia)**
888 Brickell Avenue, Sixth Floor
Miami, Florida 33131

Thomas Almon **(for Charles P. Monico)**
321 NE 26th Street
Miami, Florida 33137

Manuel Gonzalez, Esquire **(for Anthony R. Banks)**
782 NW Le Jeune Road, Suite 440
Miami, Florida 33126

Stephen H. Rosen, Esq. **(for Anthony Trentacosta)**
Suite 1020
1221 Brickell Avenue
Miami, Florida 33131

LAWRENCE D. LaVECCHIO
Assistant United States Attorney