00-6273.oy

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 00-6273 CR HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FREDERICK MASSARO, et al.,

    Defendants.

_____/

## ORDER ON REQUEST FOR SPECIFIC BRADY MATERIAL AND FOR IMMEDIATE DISCLOSURE; POTENTIAL DEATH CASE

**This Cause** is before the Court on Defendant Frederick Massaro's Request for Specific Brady Material and for Immediate Disclosure; Potential Death Case (D.E. 156). The Court having reviewed the Motion and the Government's Supplemental Response filed August 23, 2001, it is hereby **ORDERED AND ADJUDGED** as follows:

    1. With respect to paragraphs 1,2, 4, 6, 8, 10(c), 10(d), 11, 12, 13(2), 15 and 16, the Motion is **DENIED** as moot, based on the representations made in the Government's Supplemental Response. The Government shall provide any information not already disclosed within ten (10) days of the date of this Order.

    2. With respect to paragraph 3, the Motion is **GRANTED** to the extent that it requests any information which directly relates to drug or alcohol use at the time of any event observed by the witness as to which the witness will testify, or at the time of the witness' testimony at trial. To the extent it has not already done so, the Government shall provide such information within ten (10) days of the date of this Order. In all other respects, the request is **DENIED** as being beyond the Government's discovery obligations.

3. With respect to paragraph 5, the Motion is **GRANTED** to the extent that it requests indications of deception by any government witness during the administration of a polygraph examination. To the extent it has not already done so, the Government shall provide such information within ten (10) days of the date of this Order. In all other respects, the request is **DENIED** as being beyond the Government's discovery obligations.

4. With respect to paragraph 7, the Motion is **DENIED** as moot to the extent that it requests all documents and evidence which was seized during the course of the investigation which gave rise to the instant charges, based on the Government's Supplemental Response. In all other respects, the request is **DENIED** as being beyond the Government's discovery obligations.

5. With respect to paragraph 9, the Motion is **DENIED** as beyond the scope of the Standing Discovery Order and Fed.R.Crim.P. 16. The Eleventh Circuit Court of Appeals has held that Rule 16(a)(1)(A) does not apply to co-conspirators' statements. United States v. Orr, 825 F.2d 1537, 1541 (11th Cir. 1987).

6. With respect to paragraph 10(a), the Motion is **GRANTED** to the extent that it requests any information which directly relates to the lack of truthfulness of a witness, and to the extent it has not already done so, the Government shall provide such information within ten (10) days of the date of this Order. In all other respects, the request is **DENIED** as being beyond the Government's discovery obligations.

7. With respect to paragraph 10(b), to the extent Defendant requests NCIC records of potential witnesses, the Motion is **DENIED** as moot, based on the representations made in the Government's Supplemental Response. In all other respects, the request is **DENIED** as being beyond the Government's discovery obligations.

8. With respect to paragraphs 13(1) and 13(3), to the extent Defendant requests information concerning a witness having given statements which are inconsistent with his own prior statements

the Motion is **GRANTED**, and to the extent it has not already done so, the Government shall provide such information within ten (10) days of the date of this Order. In all other respects, the request is **DENIED** as being beyond the Government's discovery obligations.

9. With respect to paragraph 14, the Motion is **DENIED** except to the extent that the information is otherwise discoverable pursuant to the Standing Discovery Order and/or Fed.R.Crim.P. 16.

**DONE AND ORDERED** this 28th day of August, 2001 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:  Honorable Paul C. Huck
     Lawrence D. LaVecchio, Esq. (AUSA)
     Richard Houlihan, Esq.
     Fred Haddad, Esq.
     Samuel D. DeLuca, Esq.
     Jeffrey Weinkle, Esq.
     Donald Spadaro, Esq.
     Michael G. Smith, Esq.
     Albert Z. Levin, Esq.
     Manuel Gonzales, Esq.
     Thomas Almon, Esq.