UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273CR-HUCK



**NIGHT BOX FILED**

SEP 1 2 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / F

UNITED STATES OF AMERICA,

vs.

FREDERICK MASSARO,
    Defendant.
_____/

### NOTICE OF OBJECTION TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE THAT THE DEFENDANT'S SEVERAL MOTIONS TO SUPPRESS BE DENIED

COMES NOW the Defendant, Fred Massaro, by the undersigned counsel, and gives Notice of his Objections to the Report and Recommendation of the Magistrate Judge that the Defendant's Motion to Suppress Evidence Derived from Illegal Electronic Surveillance, Request for Evidentiary Hearing and Initial Motion to Quash Search Warrants and Suppress Warrants and Suppress Evidence, Wire Tap Derivative" be denied and states:

1. The Defendant filed lengthy Motions to Suppress as described above, and adopts the same in these objections as if they were set forth in haec verba.

2. The Magistrate Judge has entered an Order dated 10 September, postmarked 13 September and received by the undersigned Friday afternoon, 14 September [probably due to the events of the week] recommending that the Motions of the Defendant be denied.

3. The Defendant objects to the Report and Recommendation of the Magistrate Judge, particularly Judge Brown's distinguishing the case, which the undersigned submits is controlling, that is *United States v. Kalustian*, 529 F.2d 585 (9 Cir. 1976).

4. The Defendant submits that the Magistrate Judge erred in not finding that in fact tried and true traditional methods of investigation were in fact sufficient to complete the

investigation and bring the matter to indictment.

5. The wiretap notices, as well as the applications, the intercept orders as well as the Report and Recommendation fail to consider the vast amount of "body wire" evidence obtained over the 3 or more years such were conducted against Mr. Massaro.

6. The Magistrate Judge, most respectfully, erred in seeking analysis to uphold the intercept when indeed the proper avenue is whether there is any avenue that would allow the admission only after all other aspects of review have been considered. That is, the analysis should begin against the admission of such intrusive actions and only if all the exception are met for such an application and issuance should that be allowed.

7. The Defendant submits that a full analysis and review of the application and affidavits juxtaposed to the statutes, and the teachings of *Kalustian*, *supra*, as well as other cases cited by Defendant in his Motions, leads to the sole conclusion that the Motion to Suppress the wiretap should be granted, and from that, all evidence derived therefrom which led to the issuance of search warrants.

8. On the basis of the above the Defendant objects to the Report and Recommendation of the Magistrate Judge and requests that this Court reject the same.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the following parties listed below, this 18 day of September, 2001.

HADDAD & HESTER, P.A.
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394
[954] 467-6767
By: _____
FRED HADDAD
Florida Bar No. 180891

## CERTIFICATE OF SERVICE

Jeffrey H. Sloman, Esq.
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394

Larry LaVecchio, Esq.
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394

Stephen H. Rosen, Esq.
1221 Brickell Avenue, Suite 1020
Miami, Florida 33131

Samuel Deluca, Esq.
3451 John F. Kennedy Blvd.
Jersey City, New Jersey 07307

Jeffrey Weinkle, Esq.
1035 N.W. 11th Avenue
Miami, Florida 33136

Donald Spadero, Esq.
1000 S. Federal Highway, Suite 103
Fort Lauderdale, Florida 33316

Michael Smith, Esq.
633 S.E. 3rd Avenue, Suite 4F
Fort Lauderdale, Florida 33301

Alejandro Taquechel, Esq.
3750 W. 16th Avenue, Suite 238
Hialeah, Florida 33012

Thomas Almon, Esq.
321 N.E. 26th Street
Miami, Florida 33137

Manuel Gonzalez, Esq.
782 N.W. Le Jeune Road, Suite 440
Miami, Florida 33126