UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6273-CR-HUCK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ANTHONY TRENTACOSTA,
    a/k/a "Tony Pep,"
FREDERICK J. MASSARO,
    a/k/a "Freddie,"
    a/k/a "Uncle," and
ARIEL HERNANDEZ,

       Defendants.

_____/



FILED by ET D.C.

DEC 14 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

### JURY INSTRUCTIONS

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the indictment.

## Duty to Follow Instructions
### Presumption of Innocence

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendants or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

## Definition of Reasonable Doubt

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

### Consideration of the Evidence
### Direct and Circumstantial
### Argument of Counsel

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

4

## Credibility of Witnesses

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

**Impeachment**
**Inconsistent Statement and Felony Conviction**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Expert Witnesses**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

**Accomplice**
**Co-Defendant**
**Plea Agreement**

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case the Government called as witnesses persons named as co-Defendants in the indictment, with whom the Government has entered into plea agreements providing for the possibility of a lesser sentence than the witnesses would otherwise be exposed to. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a person has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

## Confession-Statement
## (Multiple Defendants)

When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it.  In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

Of course, any such statement should not be considered in any way whatever as evidence with respect to any other Defendant on trial.

## Identification Testimony

In any criminal case the Government must prove, of course, the identity of the Defendant as the person who committed the alleged crime.

When a witness points out and identifies a Defendant as the person who committed a crime, you must first decide, as with any other witness, whether that witness is telling the truth. Then, if you believe the witness was truthful, you must still decide how accurate the identification was. Again, I suggest that you ask yourself a number of questions: Did the witness have an adequate opportunity at the time of the crime to observe the person in question? What length of time did the witness have to observe the person? What were the prevailing conditions at that time in terms of visibility or distance and the like? Had the witness known or observed the person at earlier times?

You may also consider the circumstances surrounding the later identification itself including, for example, the manner in which the Defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the witness' identification of the Defendant.

After examining all of the testimony and evidence in the case, if you have a reasonable doubt as to the identity of the Defendant as the perpetrator of the offense charged, you must find the Defendant not guilty.

## Similar Acts Evidence

During the course of the trial, as you know from the instructions I gave you then, you heard evidence of acts of a Defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if a Defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that a Defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment and whether a Defendant acted according to a plan or in preparation for commission of a crime.

**Note Taking**

In this case you have been permitted to take notes during the course of the trial, and most of you – perhaps all of you – have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory.  In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

## Introduction to Offense Instructions

At this time I will explain the indictment which charges separate offenses called "counts." I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

Count one (1) charges the Defendants Anthony Trentacosta, Frederick J. Massaro and Ariel Hernandez with conspiracy to violate the Racketeer, Influenced and Corrupt Organizations (RICO) statute.

Counts two through sixteen (2 - 16) charge the Defendants Frederick J. Massaro and Ariel Hernandez with bank fraud.

Count seventeen (17) charges the Defendants Frederick J. Massaro and Ariel Hernandez with conspiracy to commit a violent crime in aid of racketeering activity, that being a conspiracy to murder Jeanette Smith.

Count eighteen (18) charges the Defendants Frederick J. Massaro and Ariel Hernandez with committing a violent crime in aid of racketeering activity, that being the murder of Jeanette Smith.

Count twenty (20) charges the Defendant Frederick J. Massaro with conspiracy to commit a violent crime in aid of racketeering activity, that being the murder of Ariel Hernandez.

Count twenty-one (21) charges the Defendants Frederick J. Massaro and Ariel Hernandez with making, uttering or possessing counterfeit checks.

13

Count twenty-two (22) charges the Defendant Frederick J. Massaro with conspiracy to make extortionate extensions of credit.

Count twenty-three (23) charges the Defendant Frederick J. Massaro with conspiracy to participate in the use of extortionate means to collect or attempt to collect extensions of credit.

Count twenty-four (24) charges the Defendant Frederick J. Massaro with receiving or possessing goods which had been stolen from an interstate shipment.

Count twenty-five (25) charges the Defendant Frederick J. Massaro with being a felon in possession of firearms.

As to Counts one (1), seventeen (17), twenty (20), twenty-two (22) and twenty-three (23), you will note that the Defendants are not charged in those Counts with committing a substantive offense; rather, they are charged with having conspired to do so.

## Rico Conspiracy Offense
## 18 USC § 1962(d)

The defendant's Anthony Trentacosta, Frederick J. Massaro and Ariel Hernandez are charged in Count One with conspiracy to violate the provisions of the Racketeering Influence and Corrupt Organizations (RICO) statute.

Title 18, United States Code, Section 1962(c), makes it a Federal crime or offense for anyone who is associated with an "enterprise" engaged in, or the activities of which affect, interstate commerce, to participate in conducting the affairs of the enterprise through a "pattern of racketeering activity" or through the "collection of an unlawful debt."

The Defendants named in Count one of the indictment - - the conspiracy count - - are not charged in that Count with violating Section 1962(c); rather, they are charged with knowingly and willfully conspiring to violate that law, the alleged conspiracy itself being a separate crime or offense in violation of Section 1962(d).

So, under that law a "conspiracy" is a combination or agreement of two or more persons to join together to attempt to accomplish an offense that would be in violation of Section 1962(c). It is a kind of "partnership in criminal purposes" in which each member becomes the agent of every other member.

The evidence in the case need <u>not</u> show that the alleged members of the conspiracy entered into any express or formal agreement; or that they directly discussed between themselves the

15

details of the scheme and its purpose, <u>or</u> the precise ways in
which the purpose was to be accomplished.  Neither must it be
proved that <u>all</u> of the persons charged to have been members of
the conspiracy were such, <u>nor</u> that the alleged conspirators
actually succeeded in accomplishing their unlawful objectives.

What the evidence in the case <u>must</u> show beyond a reasonable
doubt is:

<u>First</u>:    That two or more persons, in some
way or manner, came to a mutual
understanding to try to accomplish
a common and unlawful plan, namely,
to engage in a "pattern of
racketeering activity" as charged
in the indictment or to collect an
"unlawful debt;" and

<u>Second</u>:   That the Defendant knowingly and
willfully became a member of such
conspiracy; and

<u>Third</u>:    That at the time the Defendant
knowingly and willfully agreed to
join in such conspiracy, the
Defendant did so with the specific
intent either to personally
participate in the commission of
two "predicate offenses," as
elsewhere defined in these
instructions, <u>or</u> that the Defendant
specifically intended to otherwise
participate in the affairs of the
"enterprise" with the knowledge and
intent that other members of the
conspiracy would commit two or more
"predicate offenses" as a part of a
"pattern of racketeering activity,"
<u>or</u> that the Defendant would
participate in the collection of an
"unlawful debt."

A person may become a member of a conspiracy without full
knowledge of all of the details of the unlawful scheme or the

16

names and identities of all of the other alleged conspirators. So, if a Defendant has an understanding of the unlawful nature of a plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

### Multiple Conspiracies

You are further instructed, with regard to the alleged conspiracy offense, that proof of several separate conspiracies is not proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies which is proved is the single conspiracy which the indictment charges.

What you must do is determine whether the single conspiracy charged in the indictment existed between two or more conspirators. If you find that no such conspiracy existed, then you must acquit the Defendants of the charge. However, if you decide that such a conspiracy did exist, you must then determine who the members were; and, if you should find that a particular Defendant was a member of some other conspiracy, not the one charged in the indictment, then you must acquit that Defendant.

In other words, to find a Defendant guilty you must unanimously find that such Defendant was a member of the conspiracy charged in the indictment and not a member of some other separate conspiracy.

18

## Rico-Definitions

The term "enterprise" includes a group of individuals associated in fact although not a legal entity. The existence of an association-in-fact enterprise is proven "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit."

The term "unlawful debt" means a debt (A) which is unenforceable under State or Federal law in whole or in part as to principle or interest because of the laws relating to usury, and (B) which was incurred in connection with the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate.

The term "racketeering activity" includes any of the following acts:

A.   Acts or threats involving murder in violation of Section 782.04 Florida Statutes;

B.   Acts or threats involving Extortion, in violation of Section 836.05 Florida Statutes;

C.   Making Extortionate Extensions of Credit, in violation of and indictable under, Title 18, United States Code, Section 892;

D.   Financing Extortionate Extensions of Credit, in violation of and indictable under, Title 18, United States Code,

Section 893;

E.    Collection of Extensions of Credit by Extortionate Means, in violation of and indictable under, Title 18, United States Code, Section 894;

F.    Fraud and Related Activity in Connection with Identification Documents and Information, in violation of and indictable under, Title 18, United States Code, Section 1028;

G.    Bank Fraud, in violation of and indictable under, Title 18, United States Code, Section 1344;

H.    Theft from Interstate Shipments, in violation of and indictable under, Title 18, United States Code, Section 659;

I.    The interference with interstate and foreign commerce by means of threats or violence, in violation of and indictable under, Title 18, United States code, Section 1951; and

J.    Obstruction of Justice, in violation of and indictable under, Title 18, United States Code, Section 1503.

In order to find a "pattern of racketeering activity" for purposes of count 1, you must find beyond a reasonable doubt that the defendant agreed that at least one member of the conspiracy would commit at least two acts of racketeering as described in count 1. You must also find that those acts were in some way related to each other or to the enterprise and that there was continuity between them.

Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results or participants, or victims, or are committed a similar way, or have

other similar distinguishing characteristics or are part of the affairs of the same enterprise.

There is continuity between acts if, for example, they are ongoing over a substantial period of time, or had the potential to continue over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

For purposes of Count 1, the government does not have to prove that any racketeering acts were actually committed at all, or that the defendant agreed to personally commit any such acts.

Interstate commerce includes the movement of money, goods, services or persons from one state to another or between another country and the United States. If you find that beyond a reasonable doubt that the actions of the association-in-fact enterprise affected in any degree the movement of money, goods, services or persons across state lines, then interstate commerce was engaged in or affected.

The government need only prove that the association-in-fact enterprise as a whole engaged in interstate commerce or that its activity affected interstate commerce to any degree, although proof that racketeering acts did affect interstate commerce meets that requirement. The government need not prove that a defendant engaged in interstate commerce or that the acts of a defendant affected interstate commerce.

Section 782.04 Florida Statutes defines murder as the unlawful killing of a human being (1) when perpetrated from a premeditated design to effect the death of the person killed or

any human being.

Section 836.05 Florida Statutes defines extortion as follows:  Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his or her will, shall be guilty of a felony of the second degree.

Section 687.071 Florida Statutes provides that any person making an extension of credit to any person who shall knowingly and willfully charge, take or receive interest thereon at a rate exceeding 25 percent per annum, or the equivalent rate for a longer or shorter period of time, whether directly or indirectly, or conspires to do so, shall be guilty of criminal usury and, further, that no such extension of credit shall be an enforceable debt in the courts of the State of Florida.

Title 18, United States Code, Section 1028 makes it a federal offense to produce, transfer or possess a false identification document when such production, transfer or possession is in or affects interstate or foreign commerce.

Title 18, United States Code, Section 1951 makes it a

22

federal offense to obstruct, delay or affect commerce, or the movement of any article or commodity in commerce, by extortion, or to commit or threaten physical violence to any person or property in furtherance of a plan or purpose to obstruct, delay or affect commerce.

Title 18, United States Code, Section 1503 makes it a federal offense for anyone to corruptly influence, obstruct or impede, or to endeavor to influence, obstruct or impede, the due administration of justice.

<u>Counts Two through Sixteen</u>

The defendants Frederick J. Massaro and Ariel Hernandez are charged in Counts Two through Sixteen with bank fraud.

Title 18, United States Code, Section 1344 makes it a Federal crime or offense for anyone to execute or attempt to execute a scheme or artifice (1) to defraud a financial institution; or (2) to obtain any money, funds, assets or other property owned by or under the custody or control of a financial institution by means of false or fraudulent pretenses, representations or promises.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:    That the defendant knowingly and willfully devised a scheme or artifice to defraud a financial institution, or to obtain the money or funds of or under the control of a financial institution by means of false or fraudulent pretenses, representations or promises; and

<u>Second</u>:    That the defendant in fact executed or attempted to execute the scheme or artifice as alleged in Counts 2 through 16 of the Indictment.

The words "scheme" and "artifice" include any deliberate plan of action or course of conduct intended to deceive or cheat another (in this case a financial institution)or by which someone intends to deprive a financial institution of something of value.

Although the government must prove beyond a reasonable doubt that a scheme or artifice as defined above existed, it is not necessary that the government prove all of the details alleged in

24

the indictment concerning the precise nature and purpose of the scheme or artifice; or that the scheme or artifice alleged ever succeeded in defrauding anyone, or actually caused a loss to anyone or actually led to a benefit to the Defendant; or that the acts alleged in Counts 2 through 16 were intended as the exclusive means of accomplishing the alleged scheme or artifice.

To act with "intent to defraud" means to act knowingly and with the specific purpose to deceive someone, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

For purposes of this statute, a financial institution includes any bank, the deposits of which are insured by the Federal Deposit Insurance Corporation.

As indicated by Counts 2 through 16, each of the alleged acts which execute or attempt to execute the scheme or artifice constitutes a separate offense.

## Count Seventeen

The defendants Frederick J. Massaro and Ariel Hernandez are charged in Count 17 with conspiracy to commit violent crimes in aid of racketeering.

Title 18, United States Code, Section 1959 makes it a Federal crime or offense for anyone to conspire to murder another person for the purpose of gaining entrance to or maintaining or increasing his position in an enterprise engaged in racketeering activity.

What the evidence in the case must show beyond a reasonable doubt is:

First:     That an enterprise existed, and was engaged in racketeering activity, as described in the indictment;

Second:    That the defendant conspired to murder the person of Jeanette Smith in violation of the laws of the State of Florida; and

Third:     That the defendant conspired to commit this murder for the purpose of gaining entrance to or maintaining or increasing his position in the enterprise.

## Count Eighteen

The defendants Frederick J. Massaro and Ariel Hernandez are charged in Count 18 with violent crimes in aid of racketeering.

Title 18, United States Code, Section 1959 makes it a Federal crime or offense for anyone to murder another person for the purpose of gaining entrance to or maintaining or increasing his position in an enterprise engaged in racketeering activity.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

<u>First</u>:   That an enterprise existed, and was engaged in racketeering activity, as described in the indictment;

<u>Second</u>:   That the defendant murdered the person of Jeanette Smith in violation of the laws of the State of Florida; and

<u>Third</u>:   That the defendant committed this murder for the purpose of gaining entrance to or maintaining or increasing his position in the enterprise.

<u>Count Twenty</u>

The defendant Frederick J. Massaro is charged in Count 20 with violent crimes in aid of racketeering.

Title 18, United States Code, Section 1959 makes it a Federal crime or offense for anyone to conspire to murder another person as consideration for the receipt of, or as consideration for a promise or agreement to pay anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing his position in an enterprise engaged in racketeering activity.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

<u>First</u>:     That an enterprise existed, and was engaged in racketeering activity, as described in the indictment;

<u>Second</u>:     That the defendant conspired to murder the person of Ariel Hernandez in violation of the laws of the State of Florida; and

<u>Third</u>:     That the defendant conspired to commit this murder as a consideration for the receipt of, or as consideration for a promise or agreement to pay anything of pecuniary value from the enterprise, or for the purpose of gaining entrance to or maintaining or increasing his position in the enterprise.

<u>Count Twenty-One</u>

The defendants Frederick J. Massaro and Ariel Hernandez are charged in Count 21 with making, uttering or possessing counterfeit securities of organizations.

Title 18, United States Code, Section 513(a) makes it a Federal crime or offense for anyone to make, utter or possess a counterfeit check or draft of a corporation, company, firm or partnership which operated in, or which the activities of which affected, interstate or foreign commerce with the intent to deceive other persons or organizations.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

<u>First</u>:      That the defendant made, uttered or possessed counterfeit check or drafts of corporations, companies, firms or partnerships;

<u>Second</u>:     That those corporations, companies, firms or partnerships operated in, or the activities of which affected, interstate or foreign commerce;

<u>Third</u>:      That the defendant knew at the time that the checks or drafts were not genuine; and

<u>Fourth</u>:     That the defendant made, possessed or uttered the checks or drafts willfully and with the intent to deceive another person, organization or government.

To "utter" a counterfeit check or draft includes any attempt to cash a check or otherwise place it in circulation, and in doing so to state or imply, directly or indirectly, that the check is genuine.

To act with "intent to deceive" means to act knowingly and with the specific intent to defraud, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

<u>Count Twenty-Two</u>

The defendant Frederick J. Massaro is charged in Count 22 with conspiracy to make extortionate extensions of credit.

Title 18, United States Code, Section 892 makes it a Federal crime or offense for anyone to conspire to make an extortionate extension of credit.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

<u>First</u>:    That the defendant agreed to knowingly make an extension of credit to another person; and

<u>Second</u>:   It was to be the understanding of the defendant, as the lender, and the other person as the borrower, at the time the loan was made, that delay in making repayment or that failure to make repayment could result in the use of violence.

<u>Count Twenty-Three</u>

The defendant Frederick J. Massaro is charged in Count 23 with conspiracy to collect extensions of credit by extortionate means.

Title 18, United States Code, Section 894 makes it a Federal crime or offense for anyone to conspire to collect an extension of credit by extortionate means.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

<u>First</u>:     That the defendant agreed to knowingly use or participate in the use of extortionate means to collect an extension of credit or loan from another person; and

<u>Second</u>:   That the defendant agreed that, in so doing, the use of violence or other criminal means to cause harm to the person, reputation or property of another would expressly or implicitly be threatened.

32

<u>Count Twenty-Four</u>

The defendant Frederick J. Massaro is charged in Count 24 with buying or receiving goods stolen from interstate shipments.

Title 18, United States Code, Section 659, makes it a Federal crime or offense for anyone to knowingly buy or receive stolen goods having a value of $100.00 or more if such goods were stolen from a vehicle, a vessel or a storage facility while such goods were part of an interstate shipment of freight.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

    <u>First</u>:    That someone stole from a vehicle, a vessel or a storage facility the property described in the indictment while such property was moving as, or was a part of, an interstate shipment of freight or express.

    <u>Second</u>:    That the Defendant thereafter knowingly and willfully bought, received or possessed such property knowing that it had been stolen, as charged; and

    <u>Third</u>:    That such property then had a value in excess of $100.00.

The word "value" means the face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

An "interstate shipment" means goods or property that is moving as part of interstate commerce; and interstate commerce simply means the movement or transportation of goods from one state into another state.

The interstate nature of a shipment begins when the property

is first identified and set aside for the shipment, and comes into possession of those who start its movement in the course of its interstate transportation. The interstate nature of the shipment then continues until the shipment arrives at its destination and is there delivered.

Section 659 of Title 18, United States Code, further provides that a waybill or other shipping document shall be "prima facie" evidence of the places from which and to which the shipment was made.

"Prima facie evidence" means sufficient evidence, unless outweighed by other evidence in the case. In other words, waybills, or bills of lading, or other shipping documents such as invoices, if proved, are sufficient to show the interstate nature of the shipment in the absence of other evidence in the case which leads the jury to a different conclusion.

So, while the interstate nature of the shipment must be proved as an essential element of the offense, it is not necessary to show that the person who stole the property actually knew that the goods were part of such a shipment at the time of the stealing. Neither is it necessary for the government to prove that the Defendant knew that the property was stolen while it was a part of an interstate shipment of freight.

But it is necessary for the government to prove that the Defendant knew the property was stolen property at the time the Defendant bought, received or possessed it.

To "steal" or "unlawfully take" means the wrongful or

34

willful taking of goods or property, belonging to someone else, with intent to deprive the owner of the use and benefit of such property and to convert it to one's own use or the use of another.

The indictment charges that the Defendant received <u>and</u> possessed the stolen goods or property. The law specifies those two different ways in which the offense can be committed, and it is not necessary for the government to prove that the Defendant did both. It is sufficient if the government proves beyond a reasonable doubt that the Defendant <u>either</u> received <u>or</u> possessed the stolen goods; but, in order to return a verdict of guilty, you must agree unanimously upon which way the offense was committed.

You are further hereby instructed that possession of property recently stolen, if not satisfactorily explained, is ordinarily a circumstance from which the jury may reasonably draw the inference and find, in the light of surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen. The term "recently" is a relative term, and has no fixed meaning. Whether property may be considered recently stolen depends on the nature of the property, and all the facts and circumstances shown by the evidence in the case. The longer the period of time since the theft, the more doubtful becomes the inference which may reasonably be drawn from unexplained possession.

<u>Count Twenty-Five</u>

The defendant Frederick J. Massaro is charged in Count 25 with unlawful possession of a firearm.

Title 18, United States Code, Section 922(g), makes it a Federal crime or offense for anyone who has been convicted of a felony offense to possess any firearm in or affecting interstate commerce.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

    <u>First</u>:    That the Defendant knowingly possessed a firearm in or affecting interstate commerce, as charged; and

    <u>Second</u>:    That before the Defendant possessed the firearm the Defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer.

The term "interstate or foreign commerce" includes the movement of a firearm between any place in a state and any place outside of that state.  It is not necessary for the government to prove that the defendant knew that the firearm had moved in interstate or foreign commerce before he possessed it, only that

36

it had made such movement.

## Possession

The law recognizes several kinds of possession.  A person may have actual possession or constructive possession.  A person may also have sole possession or joint possession.

A person who has direct physical control of something on or around his person is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, possession is sole.  If two or more persons share possession, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession, and also sole as well as joint possession.

## Aiding and Abetting (Agency)

As to the substantive offenses, the guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged.  The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it.  Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime.  You must find beyond a reasonable doubt

that the Defendant was a willful participant and not merely a knowing spectator.

## On or About-Knowingly-Willfully

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

### Caution - Punishment
### (Multiple Defendants - Multiple Counts)

A separate crime or offense is charged in each count of the indictment.  Each charge and the evidence pertaining to it should be considered separately.  Also, the case of each Defendant should be considered separately and individually.  The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty.  The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

## Duty to Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges- judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

## Verdict

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.