UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273CR-HUCK

UNITED STATES OF AMERICA,

vs.

FREDERICK MASSARO,
    Defendant.
_____/

## RENEWED MOTION FOR JUDGMENT OF ACQUITTAL, ALTERNATIVE MOTION FOR NEW TRIAL [WITH MEMORANDUM OF LAW]

COMES NOW the Defendant, Fred Massaro, by the undersigned counsel and makes pursuant to Rule 29(c) of the Rules of Criminal Procedure this Renewed Motion for Judgment of Acquittal or Alternatively moves for a Motion for New Trial and states:

## JUDGMENT OF ACQUITTAL

1. The Defendant made Motions for Judgment of Acquittal at the close of the Government's case and at the close of all the evidence, and would renew that Motion instantly.

2. The Defendant submits the evidence was insufficient to sustain the Defendant's convictions for the charges in the Indictment [counts 17,18] relating to the murder of Jeanette Smith.

3. There was no credible evidence from which a jury could find, beyond a reasonable doubt that the Defendant, Fred Massaro, ordered the execution of Jeanette Smith, or had any prior knowledge of the death of Jeanette Smith.

4. That the tragic, horrid nature of Ms. Smith's death and the fact that Mr. Massaro aided in the disposal of the body had to so overwhelm the jury as to lead to the murder convictions.

5. That due to the state of the evidence, and the prejudice that resulted therefrom, the Court ought exercise its discretion and enter an order of acquittal.



6. Similarly, that as to the alleged conspiracy to murder Ariel Hernandez, as set out in Count 20, the Defendant submits the evidence was so incredible as well as 'inconsistent' as to compel the granting of a judgement of acquittal as the verdicts are not sustained by the evidence.

7. The Defendant re-adopts all of the arguments made at the Rule 29 hearings as if they were set out herein in haec verba.

## NEW TRIAL

The Defendant would alternatively move that the Court enter an order granting a new trial and for that the Defendant would state as follows:

8. The verdicts and each of them are contrary to the law.

9. The verdicts are contrary to the evidence.

10. The verdicts and each of them are contrary to the manifest weight of the evidence.

11. The verdicts and each of them are contrary to the Court's instructions on the law.

12. The Court erred in charging the jury over the objections of the Defendant on the "recently stolen property" issue.

13. The Court erred in denying the Defendant's several Motions for Mistrial as made during trial.

14. The Court, respectfully, erred in allowing certain prejudicial evidence to be admitted as "background" and placed before the jury.

15. Manifest ends of justice compel the granting of a new trial.

## MEMORANDUM OF LAW

The Court, of course, just recently sat through the trial of this case, and the undersigned is well aware of the Court's recollection of the facts and its ability to so recall.

It must be emphasized that while the evidence obviously establishes that Mr. Massaro was

deeply involved in the post-murder activity evolving from the death of Ms. Smith, as was repeatedly argued at trial, the evidence just "was not there" to establish that Mr. Massaro was involved in the murder either by plan, design or order.

Mr. Hernandez introduced live testimony to establish, as did the conversations between the Hernandez brothers, that a homicide detective was actively looking for Mr. Hernandez in the days before Ms. Smith's death. The tapes illustrate repeated calls over this detective's looking for Mr. Hernandez, including to Hernandez' lawyer.

The physical evidence as well as the testimony of the Government and defense medical examiners certainly refute a claim, it is submitted, of a planned murder, when one considers the circumstances at "Thee Doll House", the Denny's restaurant and the general nature of the two leaving the club together.

The Defendant also submits the testimony of Garcia and Valdez regarding the conspiracy to kill Ariel Hernandez is likewise incredible and ought not be held to sustain the verdict.

It is respectfully urged that this Court should review carefully and in a manner akin to "de novo" sufficiency of the evidence challenges. See _United States v. Delgado_, 56 F.3d 1357, 1363 (11 Cir. 1995). The Defendant acknowledges that the Court will look at the evidence in the light most favorable to the Government, with all reasonable inferences and credibility choices made in the Government's favor. _United States v. Lyons_, 53 F.3d 1198, 1200 (11 Cir. 1995). What the Court must consider, however is whether any reasonable jury could have found the Defendant guilty beyond a reasonable doubt; _United States v. Newton_, 44 F.3d 913, 921 (11 Cir. 1995), and the Defendant submits that burden cannot be sustained on the facts presented at trial.

To sustain the Defendant's conviction on the conspiracies the evidence must show that a conspiracy existed and that Massaro, with knowledge of its existence, voluntarily joined it. See

*United States v. Ramsdale*, 61 F.3d 825, 829 (11 Cir. 1995); *United States v. Jones*, 913 F.2d 1552, 1557 (11 Cir. 1990), of course the Government need not present direct evidence to prove participation in a conspiracy. See *United States v. Orr*, 825 F.2d 1537, 1543 (11 Cir. 1987). Instead, the existence of a conspiracy and the Appellant's participation in it may be proven through circumstantial evidence. See *United States v. Mercer*, 165 F.3d 1331, 1333 (11 Cir. 1999); *United States v. Tamargo*, 672 F.2d 887, 889 (11 Cir. 1982). However, "[w]here the government's case is [based on] circumstantial [evidence], reasonable inferences, and not mere speculation, must support the jury's verdict" [emphasis supplied] *United States v. Mejia*, 97 F.3d 1391, 1392 (11 Cir. 1996) (quoting *United States v. Lopez-Ramirez*, 68 F.3d 438, 440 (11 Cir. 1995)).

Too, while the evidence presented at the Defendant's trial was clearly sufficient to prove that a conspiracy existed to dispose of Ms. Smith's body, evidence of Massaro's prior knowledge and participation in the murder, however, is another matter.

The evidence, it is submitted, is quite conflicting on the murder related counts for which the Defendant was convicted, but at no time did it satisfy the proof requirement.

Massaro realizes the standard of review the Court employs regarding sufficiency of the evidence is that:

> "[i]t is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilty beyond a reasonable doubt. A jury is free to choose among reasonable construction of the evidence".

*United States v. Bell*, 678 F.2d 547, 549 (5 Cir., Unit B, 1982), quoted with approval in *United States v. Battle*, 892 F.2d 1992 (11 Cir. 1990). And of course the Court will examine the evidence "in the light most favorable to the government, resolving all credibility choices and drawing all reasonable inferences in support of the jury's verdict", *Battle, supra; United States v. Cruz-Valdez*,

773 F.2d 1541 (11 Cir. 1985).

Further, the Defendant also recognizes, as the Court wrote in *United States v. Hewitt*, 663 F.2d 1381 (11 Cir. 1981), a judgment of acquittal or new trial is not required because the Government's case includes testimony "by an array of scoundrels, liars and braggarts", citing to *United States v. Tiche*, 424 F.Supp. 996 (W.D.Pa.) aff'd mem., 564 F.2d 90 (3 Cir. 1977).

Although the Court must apply the *Glasser* standard [*Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457 (1942)] still the Government must present sufficient proof to sustain the Defendant's conviction [cf: *United States v. Fernandez*, 797 F.2d 943 (11 Cir. 1986)]. In this, it is submitted, the Government failed, and that failure, if not sufficient for acquittal, should warrant a new trial.

WHEREFORE the Defendant requests this Motion be granted.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the following parties listed below, this 20 day of December, 2001.

HADDAD & HESTER, P.A.
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394
[954] 467-6767

By: _____
FRED HADDAD
Florida Bar No. 180891

## CERTIFICATE OF SERVICE

Jeffrey H. Sloman, Esq.
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394

Larry LaVecchio, Esq.
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394

Stephen H. Rosen, Esq.
1221 Brickell Avenue, Suite 1020
Miami, Florida 33131

Jeffrey Weinkle, Esq.
1035 N.W. 11th Avenue
Miami, Florida 33136