UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273CR-HUCK

UNITED STATES OF AMERICA,

vs.

FREDERICK MASSARO,
    Defendant.
_____/

## INITIAL OBJECTIONS TO THE PRESENTENCE REPORT

COMES NOW the Defendant aforesaid by the undersigned counsel and files his Objections to the Presentence Report filed herein and states the following objections:

1. The Defendant objects to paragraph 7 that asserts Trentacosta was Massaro's de facto boss and then actual boss.

2. The Defendant objects to paragraph 9 and the factual assertions therein asserting the business arrangements to be "tribute".

3. The Defendant objects to the assertions in paragraphs 11 and 12 particularly as to planning two murders.

4. The Defendant objects to paragraph 13 as set out.

5. The Defendant objects to the assertions of loan sharking as they are set out in the Presentence Report, and denies, as set out in paragraph 23 that Hernandez at the direction of Massaro produced counterfeit checks.

6. The Defendant objects to paragraph 25 that asserts that Massaro procured, commanded and induced the murder of Jeanette Smith or had anything to do with it.

7. The Defendant objects to the factual matters alleged in paragraph 31 that is that Massaro solicited Carlos Garcia and Francisco Valdes to kill Ariel Hernandez or anything that

flowed from that.

    8.    The Defendant objects to paragraph 36 and the three level increase that is suggested.

    9.    The Defendant objects to paragraph 41, obstruction of justice adjustment.

    10.    The Defendant objects to the two point increase in paragraph 57 due to the matters of proof at trial, and objects to the three level increase for the manager or supervisor as set out in paragraph 58, and thus states that the adopted offense level in paragraph 61 should be 12.

    11.    That as to the Group Two, Jeanette Smith murder calculations the Defendant, of course, objects across the board again asserting he did not kill Ms. Smith or have any knowledge of it [see Motion for Downward Departure].

While the Defendant recognizes that the base offense level for murder is level 43, the Defendant submits it should not be applied to him.

The Defendant further objects to the three level adjustment as a manager or supervisor, and the two level increase for obstruction of justice, and hence objects to the total offense level.

    12.    That as to the Group Three scorings that is the conspiracy to murder Ariel Hernandez, the Defendant objects to the role increase of three points, in paragraph 72 and again asserts there was no conspiracy to murder Ariel Hernandez.

    13.    That as to Group Four the Defendant, once again objects to the three point adjustment in paragraph 79 and the resultant adjusted offense level in paragraph 82.

    14.    The Defendant objects to the level 48 total offense level of paragraph 93.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to Larry Lavechio, Esq., Office of the United States Attorney, 500 E. Broward Blvd., 7th Floor, Fort Lauderdale, Florida 33394 and to Thomas Felasco, U.S. Probation Officer, U.S. District Court, 300 N.E. 1st Avenue, Room 315, Miami, Florida 33132-2126, this 26 day of March, 2002.

        HADDAD & HESTER, P.A.
        One Financial Plaza, Suite 2612
        Fort Lauderdale, Florida 33394
        Tel:   [954] 467-6767
        Fax:  [954] 760-4421

By: _____
     FRED HADDAD
     Florida Bar No. 180891